WESTERN UNION TELEGRAPH COMPANY, plaintiff in error, *vs.* FAIN & PARROTT, defendants in error.

Where there is a verbal contract for a lease for three years, at a stipulated monthly rate, and the tenant pays the rent as agreed upon by the month, it is not a tenancy from year to year under the provisions of our statute, and it may be terminated as provided in section 2291 of the Code.

Landlord and tenant. Before Judge BARTLETT. Fulton Superior Court. April Term, 1873.

The above head-note is by Judges McCAY and TRIPPE. How far the views of Chief Justice WARNER differ, will be

seen by reference to his opinion.   The case is there fully reported.

JOHN A. STEPHENS; N. J. HAMMOND, for plaintiff in error.

SAMUEL WEIL, for defendants.

WARNER, Chief Justice.

This case came before the court below on an issue formed on a distress warrant for rent, under the provisions of the statute.   On the trial, the following facts were proved :   On the 1st day of December, 1866, plaintiffs rented to defendant three rooms in the city of Atlanta for the term of three years. The contract was not reduced to writing.   The parol agreement was that the defendant was to pay $50 00 per month for the rent of the rooms, took possession at the date of the contract, occupied the rooms, paying the rent each month until the last day of February, 1869, when it left the property. The rent for nine months of the last three years has not been paid.   At the instance of defendant, plaintiffs, at their cost, prepared the rooms for a telegraph office, and without change they are not suited for other purposes.   Defendant notified plaintiffs of its purpose to quit the premises about two weeks before it vacated them.   The court charged the jury: "It is conceded that this is a tenancy at will, by operation of law, the court charges you that if the parties agreed to pay rent monthly at the end of each month, and at the end of each year, then this became by operation of law a tenancy by the year, and you will find for the plaintiffs the amount due for the time; if it be proved by the evidence that rent was paid at the end of each month or year, find the amount still due for the balance due for the remainder of the year the parties were to occupy the premises."   The jury found a verdict for the plaintiffs for $450 00.   A motion was made for a new trial, on the grounds that the verdict was contrary to law, contrary to the evidence, and for error in the charge of the court to the

jury, which motion was overruled, and the defendant excepted. The defendant went into the possession of the rented premises under a parol contract for three years, and was to pay $50 00 per month rent, paying the rent at the end of each month. This contract for the rent of the premises being a parol contract, and made for a greater time than one year, the law declares it shall have the effect of a tenancy at will: Code, 2280. A tenancy at will is at the will of both parties, landlord and tenant, so that either of them may determine his will and quit his connection with the other at his own pleasure, with certain restrictions and qualifications as to notice and emblements, as provided by law. Our law declares that two months' notice from the landlord to terminate a tenancy at will, and one month's notice from the tenant, shall be given: Code, 2291. In this case, only two weeks' notice was given by the tenant to the landlord. As the rent was to be paid monthly, the tenant was bound to pay the rent for one full month from the last day of February, 1869, because it had not given the landlord the one month's notice required by law, but it was not bound to pay rent after the expiration of the one month's notice of the termination of the tenancy at will, exclusive of the month of February, 1869, as the court charged the jury. The defendant was bound to pay the rent for the entire month of February, as the rent was to be paid monthly, and for one month thereafter.

There is no evidence in the record that the defendant agreed to pay rent at the end of each year, as the court *assumes* in its charge. When the law expressly declares that this was a tenancy at will under the parol contract of the parties, and that a tenant at will may terminate the tenancy at will by giving to the landlord one month's notice, how such a tenancy at will can, by operation of law, become a tenancy by the year, after the expiration of the one month's notice, is not at all apparent to my mind. If the defendant was a tenant at will, as it is conceded that it was, and to pay the rent monthly, it had the clear right, under the law, to terminate the tenancy on giving the landlord one month's notice thereof, and would

not be liable for the payment of rent after the expiration of that time if it vacated the premises, but the defendant is liable in this case to pay the rent for one month after the expiration of the month of February, 1869, whether it occupied the premises up to that time or not, but it is not liable to pay rent to the plaintiffs beyond that time, as was held by the court below in its charge to the jury. Where there is no time specified for the termination of a tenancy, and the tenant goes into possession of the rented premises, the law will construe it to be for the calendar year, but if it is expressly a tenancy at will, or a tenancy at will by operation of law, as in this case, then either party may terminate it at will. There is no sensible distinction between a tenant at will by express agreement and a tenant at will by operation of law, so far as the right of either party to terminate it is concerned. Is the party in possession a tenant *at will*, either by express agreement or by operation of law? If so, then either party may terminate it by giving the required notice. There is no distinction recognized by our Code between a tenant at will by express agreement and a tenant at will by operation of law, so far as the right to terminate it by either party is concerned, by giving the required notice. If the tenant at will in either case does not desire to occupy the premises any longer he can give the landlord one month's notice and quit. If, on the other hand, the tenant is an insolvent vagabond, or otherwise objectionable, and the landlord desires to get rid of him, he is allowed to do so by giving him two month's notice of his will that he should quit, the tenant being entitled to his emblements, if any, as provided by the 2292d section of the Code. It would be a remarkable state of things if the landlord could not get rid of a bad tenant at will, because he was such by operation of law. Where one is not a tenant at will, either by express agreement or by operation of law, and no time is specified for the termination of the tenancy, then the law will construe such a tenancy to be for a calendar year; but in the case before us, the defendant *was* a tenant at will by operation of law, and being a tenant at will, had the legal right to

terminate the tenancy, as before stated, on giving the one month's notice to the landlord, and stop the payment of rent after that time, it having vacated the rented premises.

Let the judgment of the court below be reversed.

McCay and Trippe, Judges, concurred, as stated in the above head-note. They furnished no other opinions.