29109. LASSETER *v.* FENN *et al.*

DECIDED OCTOBER 4, 1941. REHEARING DENIED NOVEMBER 19, 1941.

*Henry B. Sutton,* for plaintiff in error.
*George P. Wright, Carlisle McDonald,* contra.

FELTON, J. Mr. and Mrs. T. Z. Fenn rented certain premises to K. M. Lasseter for a specified monthly rental, payable in advance. This agreement was made in June, 1940. The rent was paid to October 1, at which time there was a default in the payment. Dispossessory proceedings were brought, returnable to the November, 1940, term of Wilcox superior court. On November 27, 1940, the following agreement was entered into between the parties: "This agreement is entered into this 27th day of November, 1940, by and between Mr. and Mrs. T. Z. Fenn, each of the undersigned for themselves individually as parties of the first part, and Kenneth M. Lasseter, as party of the second part, witnesseth: that all parties hereto agree that said Kenneth M. Lassiter did in June, 1940, rent certain premises and real estate known as sales' barn and stables where live-stock sales are now being held weekly by Lasseter in Rochelle, Georgia, said renting by Lasseter having been made orally and from T. Z. Fenn, who was acting for himself and as agent of the undersigned Mrs. T. Z. Fenn, and they further agree that under the law the effect of their said oral agreement was that the renting of said premises would be for the balance of the calendar year of 1940; and, whereas, certain dispossessory warrant proceedings were taken out by Mr. and Mrs. T. Z. Fenn by their attorney and agent, George P. Wright, against Kenneth M. Lasseter, who gave bond and made defense, said case returnable to and triable at the November term, 1940, of said Wilcox superior court, now this agreement also settles said case, which because of this agreement is being dismissed by Mr. and Mrs. Fenn at their costs. This agreement is that in consideration of foregoing recitations and

those appearing below, Kenneth M. Lasseter is this date paying Mr. and Mrs. T. Z. Fenn the sum of $30 which is in full of all rent by him under said oral agreement and as adopted and merged and ratified in this written agreement, which rent he was due and will be due to said Mr. and Mrs. Fenn through December 31, 1940; so that he has now paid all rents due through the termination of said rent contract, said amounts Mr. and Mrs. T. Z. Fenn acknowledge will be paid them this date through check of Lasseter in the amount of $20 and the other $10 to Wright Mixon, clerk of Wilcox superior court for payment of the costs in said case under this agreement. And all undersigned parties hereto also agree that Kenneth M. Lasseter does hereby symbolically surrender full and complete possession of said real estate he so rented as above recited, said surrender being as of December 31, 1940, at midnight, and that said Mr. and Mrs. T. Z. Fenn, each for himself and herself, accept such full and complete surrender of possession of said premises, and all parties agree that after said date of December 31, 1940, all rent contracts for rent of said premises between K. M. Lasseter and Mr. and Mrs. T. Z. Fenn will be at an end. . . Witness the hands and seals of undersigned T. Z. Fenn, of Mrs. T. Z. Fenn, and of Kenneth M. Lasseter, and witnessed by undersigned attorneys for both sides and parties on this the 26th day of November, the recitation at beginning of this writing of November 27th being incorrect."

Thereafter, in January, 1941, dispossessory proceedings were again instituted. The defendant filed his counter-affidavit and bond, and the case made thereby came on for trial. Mr. Fenn testified concerning the making of the rent contract, and that the rent had been paid through December 31, 1940, but that no rent had been paid since that time and the premises had not been delivered upon demand. He also testified that he understood subsequently that Lasseter did move out of the premises but that he did not know it until Lasseter had moved back in. Lasseter testified that he did vacate the premises at midnight on December 31, 1940, and moved all of his possessions therefrom except one pair of platform scales, but that he did not deliver the keys to the premises to the Fenns. The contract set out above was introduced in evidence by the Fenns. The defendant then sought to introduce in evidence deeds and other documents whereby he had allegedly acquired the title to the prem-

ises in dispute by means of a tax deed from the county authorities. This evidence consisted of a tax fi. fa., issued in 1935, with levy on the property in dispute as the property of the Growers Finance Corporation, made in 1936; deed dated in 1937, from the sheriff of Wilcox County to Wilcox County, reciting that the county was the highest bidder at the sale and conveying the land in dispute; deed from Wilcox County to Kenneth M. Lasseter, dated September 9, 1940, conveying the land in dispute, signed by the county commissioners of Wilcox County, and the resolution of the county commissioners empowering and instructing the members of the board to make the deed to Lasseter. All these documents offered by the defendant showed that they had been recorded in the proper places in Wilcox County. This evidence was excluded by the court, and a verdict was directed for the plaintiff for the property sued for and for $40 rent, which was double rent. The defendant filed a motion for new trial which was overruled, and he excepted.

The tenant may not dispute his landlord's title or attorn to another claimant while in possession. Code § 61-107. And the surrender of possession must be actual, distinct, and bona fide in order to place the tenant in a position to dispute the landlord's title. 32 Am. Jur. 130, § 126. However, there appears no reason why a landlord can not by contract, based on a valid consideration, agree to accept the surrender of premises without actual notice of its vacation by the tenant and the surrender of the keys to buildings, if any. In this case the effect of the agreement was that the landlord relinquished his right to actual notice of the vacation of the premises, and the right to have the keys surrendered to him. Under the circumstances, when the tenant actually vacated the premises at the end of the term the relationship of landlord and tenant came to an end, and when the tenant re-entered the premises he did so under color of claim of title and not as tenant, and he was therefore not estopped under the circumstances from disputing the title of the former landlord. The court erred in excluding the evidence of title, and in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*