41139. NORGE SALES CORPORATION v. BAKER.

RUSSELL, Judge. ■ ■ The lessee of premises for five years or more has such an estate in property that he may sublease the property without the consent of the lessor, unless the lease contains a covenant to the contrary. *Shell Petroleum Corp. v. Stallings,* 51 Ga. App. 351 (180 SE 654). Such an assignment will not release the original tenant from liability for rent in the event of a default by the sublessee unless the landlord, by consenting to such re-lease, in effect substitutes the subtenant as his tenant. *Armstrong v. Reynolds,* 33 Ga. App. 27 (125 SE 512); *Garbutt & Donovan v. Barksdale-Pruitt Junk Co.,* 37 Ga. App. 210 (139 SE 357). But the original tenant may be released from liability by agreement with the landlord for the substitution. *Cuesta v. Goldsmith,* 1 Ga. App. 48 (1) (57 SE 983); 110 ALR, Anno., p. 592. The lease in question here recited that the lessee contemplated procuring a purchaser and operator for the premises, that he might assign the lease to such person, and that "upon the assignment of the lease by the lessee in the manner above described, and upon the assumption of the obligations thereof by the assignee, the lessee shall be relieved of all further liability under this lease, the foregoing subject to the condition that the operator procured by the lessee shall be a financially responsible party."

■ Subsequent to the execution of the lease, the original lessee, Norge Sales Corp., assigned all its right, title and interest in the lease to J. L. Abernathy, and the latter agreed to assume all duties and obligations set forth therein. The transfer was signed by both parties and also by F. L. Baker, the original lessor. Abernathy then occupied the premises and fulfilled the obligations of the lease for a period of over a year, after which he defaulted. Under these circumstances, the landlord, Baker, accepted Abernathy as his tenant and discharged the original tenant, Norge Sales Corp., from its obligations under the lease.

■ The language in the lease to the effect that "the operator procured by the lessee shall be a financially responsible party" refers to the financial responsibility of the sublessee at the time of the transfer of the lease. The fact that the sublessee defaulted in payment of rent over a year later is not evidence that he was financially irresponsible at the time of the transfer. A mere default in payment of rent by the sublessee does not, under the express language of this lease, impose any duty on the original lessee who was explicitly released from liability thereunder to reassume the obligations of the instrument.

■ After obtaining the transfer of the lease to himself, Abernathy used the property for a laundry and dry cleaning establishment. The equipment was purchased on credit from B-W Acceptance Corporation. Abernathy delivered to this firm a security instrument containing a provision that on default in the payment of any installment of purchase money he would, among other things, assign the lease in question to the creditor. The lessor, Baker, also consented in writing to this agreement. Norge Sales Corp. is not a party to the purchase or agreement to assign, and the language of Baker's consent that "the original tenant shall nevertheless remain liable to the undersigned for the prompt payment of the rentals and the performance of the provisions of said lease" is an obvious reference to Abernathy, an "original tenant" as to B-W Corporation, and not to the defendant here. This language, accordingly, places no burden on Norge to pay rent in the event of a default by Abernathy.

The trial court erred in holding Norge Sales Corporation liable to the plaintiff for rent for the period of the lease remaining after Abernathy's default.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

Parker, Clary & Kent, Horace T. Clary, for plaintiff in error.
Jackson B. Harris, contra.