### 49512. VAN SCHALLERN v. STANCO et al.

BELL, Chief Judge.

The plaintiff, Stanco, on February 16, 1973, filed a form affidavit before the State Court of DeKalb County averring that the defendant, Van Schallern, was holding over and beyond the term for described premises; that "Rental for the months of January and February 1973 in the sum of $500 are now past due"; and that the affidavit was made so "that a warrant may issue for the removal of the . . . defendant together with his property from" the

premises. On the same date the marshal of the State Court of DeKalb County made a return of service which recited that he had served the defendant by "tacking written notice on the door of . . . defendant and gave ———— notice that at the expiration of seven days from date I will proceed with the execution of same." On February 26, 1973, 10 days later, the trial judge granted plaintiff a writ of possession and also entered a judgment against defendant by default for the $500 rent plus costs. Thereafter, plaintiff caused a summons of garnishment to be served on the Decatur Federal Savings and Loan Association. The defendant filed a bond to dissolve the garnishment and a motion alleging that the prior judgment obtained in the dispossessory proceeding was invalid. In a supporting affidavit, which was not controverted, defendant stated that he had vacated the premises prior to February 26, 1973. The trial judge overruled the motion and entered an order reciting that the money judgment for $500 plus costs against defendant entered in the dispossessory warrant proceeding was found to be valid; and that since the garnishment had been dissolved by the filing of a bond, the defendant was ordered to pay the money judgment to plaintiff. *Held:*

Code § 61-302 (a) and (b), as amended, provides in pertinent part that after the making of the affidavit required by Code § 61-301, a summons shall issue and be served on the defendant and "(b) The summons served on the defendant pursuant to subsection (a) shall command and require the tenant to appear at a hearing on a day certain not less than five nor more than 20 days from the date of actual service." The summons issued here did not comply with this mandatory statutory provision. The return of service only reasonably informed defendant that after the lapse of seven days the marshal would execute the warrant by evicting the defendant. There is no command to appear at a hearing on a day certain. The issue of possession of the premises, of course, was mooted but nonetheless the defendant was given no notice of a hearing on the issue of past due rent which was required by the statute. It is a basic proposition that every litigant is entitled to notice and a hearing and the benefit of

notice and hearing is not a matter of grace but is one of right. *Shippen Lumber Co. v. Elliott,* 134 Ga. 699, 702 (68 SE 509). Consequently, defendant having been denied a statutory right of notice of a hearing on a day certain, the $500 judgment against him in the main action was void and of no effect. As this judgment was void, plaintiff was not entitled to a judgment in this garnishment proceeding. A valid existing judgment against the defendant is a condition precedent to the judgment against the garnishee. *Ingram v. Jackson Mercantile Co.,* 2 Ga. App. 218 (2) (58 SE 372).

*Judgment reversed. Quillian and Clark, JJ., concur.*

SUBMITTED JULY 1, 1974 — DECIDED OCTOBER 3, 1974.

*Dennis & Fain, Dennis J. Webb,* for appellant.