A97A0461, A97A0943, A97A1073. ROWE v. FLEET MORTGAGE CORPORATION (three cases).

(487 SE2d 133)

MCMURRAY, Presiding Judge.

On August 28, 1996, plaintiff Fleet Mortgage Corporation instituted dispossessory action 96-D-069568 in the State Court of DeKalb County, alleging that defendant Paul Rowe and others were "tenant[s] at sufferance [due to] foreclosure sale date[d] 08/06/96," with unpaid rent accruing "at the rate of $24.80 per day." Defendant's answer alleged: "Plaintiff failed to furnish the amount needed to cure default on Loan # 8294019, held by Fleet Mortgage, before sale date of August 6th 1996. Oral request was made, followed by written request via certified mail on July 30th 1996, and again on August 21st 1996." As a judgment on the pleadings, a writ of possession effective ten days hence was issued on September 16, 1996. But the trial court expressly declined to rule on any claim of back rent. In Case No. A97A0461, defendant filed a direct appeal from that writ of possession, contending that the dispossessory should have been transferred to the superior court after defendant timely answered, that proper notice of the intended foreclosure was not given; that OCGA § 44-14-162.2 is unconstitutional; and that "foreclosure was voluntarily suspended by [plaintiff Fleet Mortgage Corporation] when they promised to give [defendant] the opportunity to reinstate the mortgage."

The remainder of the case was subsequently heard by the state court without a jury but defendant "failed to appear for trial. . . ." The trial court determined that defendant "did not timely pay money into court pending appeal," and on December 18, 1996, issued another writ of possession effective that day. In Case No. A97A0943, defendant filed an immediate notice of direct appeal from this order. In Case No. A97A1073, defendant filed a second appeal from the December 18, 1996 writ of possession. These three appeals are

hereby consolidated for disposition in a single appellate decision. *Held*:

### Case Nos. A97A0943 and A97A1073

1. Defendant has submitted his "MOTION TO DISMISS APPEAL" in each of Case Nos. A97A0943 and A97A1073, "announc[ing] to the Court that his fight to stay in possession of his house ended in March, 1997, when [plaintiff] successfully had his belongings sat outdoors." We do not determine whether such circumstances render these appeals subject to involuntary dismissal under OCGA § 5-6-48 (b) (3) for mootness. See generally *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117 (446 SE2d 794). Rather, we grant defendant's motions for voluntary dismissal (withdrawal). Court of Appeals Rule 41 (e). Accordingly, Case Nos. A97A0943 and A97A1073 are dismissed upon defendant's motion.

### Case No. A97A0461

2. Relying on *Rucker v. Fuller*, 247 Ga. 423 (276 SE2d 600), defendant contends his case should have been automatically transferred to the superior court after his timely answer. We disagree, for former Code Ann. § 61-303 as interpreted in *Rucker* has been superseded by subsequent legislative enactment.

As currently enacted, OCGA § 44-7-53 (b) provides "If the tenant answers, a trial of the issues shall be had in accordance with the procedure prescribed for civil actions in courts of record except that if the action is tried in the magistrate court the trial shall be had in accordance with the procedures prescribed for that court." "The State Court of DeKalb County is a court of record and its practice and procedure is controlled by the Civil Practice Act. *Electro-Kinetics Corp. v. Wilson*, 122 Ga. App. 171 (1) (176 SE2d 604) (1970)." *Smith v. Mack*, 161 Ga. App. 95 (289 SE2d 299). There is no automatic transfer of a dispossessory action from the state court to the superior court, upon the defendant's timely answer in the state court.

3. In his second enumeration, defendant contends "he should have been given the same due process rights as afforded in O.C.G.A. § 44-14-180 (2)," and in his third enumeration that OCGA § 44-14-162.2 is "unconstitutional (Federal/State) because the law is vague, ambiguous, and confusing. . . ."

These enumerations fail to specify any error allegedly committed by the trial court. See OCGA § 5-6-51 (4). For aught that appears of record, these contentions were never presented to the trial judge nor any ruling thereon invoked. "This Court will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised and determined in the trial court. *Gee v. State*, 210 Ga.

App. 60, 61 (3) (435 SE2d 275)." *Revera v. State*, 223 Ga. App. 450, 452 (2) (477 SE2d 849). " 'It is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision.' (Citations and punctuation omitted.) *English v. Liberty Mtg. Corp.*, 205 Ga. App. 141, 142 (1), 143 (421 SE2d 286)." *Wright v. Barnett Mtg. Co.*, 226 Ga. App. 94, 96 (1) (485 SE2d 583).

4. Defendant's fourth enumeration contends that "foreclosure was voluntarily suspended by [plaintiff] when they promised to give [defendant] the opportunity to reinstate the mortgage." But defendant has submitted no transcript of the evidence presented.

We are unable to consider the merits of this enumeration. In the absence of a transcript or some attempt to recreate the record as contemplated by OCGA § 5-6-41 (g) and (i), the appellate court must assume the judgment below was correct and was supported by evidence. *Deen v. United Dominion Realty Trust*, 218 Ga. App. 443 (1), 444 (462 SE2d 384). Consequently, we affirm the issuance of a writ of possession.

*Judgment affirmed in Case No. A97A0461. Appeals voluntarily dismissed upon motion in Case Nos. A97A0943 and A97A1073. Beasley and Smith, JJ., concur.*

DECIDED MAY 29, 1997.

Before Judge Leitch, pro hac vice (case no. A97A0461). Before Judge Leshaw, pro hac vice (case nos. A97A0943 and A97A1073).

*Roy Miller*, for appellant.

*Shapiro & Swertfeger, L. Jack Swertfeger, Jr., John M. Daniel, Stanley E. Kreimer, Jr.*, for appellee.