A97A2351. HARRIS v. THE STATE.
(497 SE2d 810)

RUFFIN, Judge.

After a bench trial, the trial court found Roger Willie Harris guilty of possession of drugs by an inmate in a correctional institute (OCGA § 42-5-18 (b)) and possession of marijuana (OCGA § 16-13-30). Harris appeals. For the following reasons, we dismiss this appeal for lack of jurisdiction.

In two enumerations of error, Harris argues that OCGA §§ 42-5-18 (b) and 16-13-21 (16) are unconstitutionally vague. Each of these enumerations raises the question of our jurisdiction to consider this appeal. Except in limited situations, not here pertinent, the Supreme Court has exclusive jurisdiction of constitutional construction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). In this instance, the record does not show that the trial court ever ruled on Harris' challenge to the constitutionality of either statute. Nor does the record reveal that Harris elicited any ruling on this issue. Since there is no ruling on the constitutionality of either statute, "[t]he issue is not

properly presented for appellate review in this case . . . as it was not explicitly argued and ruled on below." *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997); *Dye v. State*, 205 Ga. App. 781 (1) (423 SE2d 713) (1992); see generally *Marr v. Dept. of Ed.*, 264 Ga. 841 (452 SE2d 112) (1995). Accordingly, this appeal is dismissed.

*Appeal dismissed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 27, 1998.

*Nicholas Pagano*, for appellant.

*Thomas J. Charron, District Attorney, Michael S. Moody, Debra H. Bernes, Assistant District Attorneys*, for appellee.