A98A2462. ALLEN et al. v. TUCKER FEDERAL BANK.
(510 SE2d 546)

BLACKBURN, Judge.

Ernest T. Allen and Sandra D. Allen (the Allens) appeal the trial court's order dismissing their claims that Tucker Federal Bank (the Bank) entered into an oral contract with them to "refinance or reinstate" their mortgage following the Bank's foreclosure on their property. The Allens also contend: (1) that the trial court erred by failing to grant them a jury trial on this issue; (2) that the trial court erred

by not transferring their case to superior court to hear their equitable claim; and (3) that the applicable Georgia law regarding dispossessory proceedings infringed their rights under the First Amendment of the United States Constitution. For the reasons discussed below, we affirm.

It is undisputed that the Bank foreclosed on a mortgage it held on the Allens' property. Following foreclosure, the Allens remained on the property, and the Bank filed for writs of possession against the Allens on June 19, 1998, in the State Court of DeKalb County. On June 30, 1998, the Allens filed an answer and counterclaim to the Bank's proceedings, contending: (1) that, during the period following the foreclosure and before filing of the writs of possession, the Bank entered into an oral contract with the Allens to "refinance or reinstate" their mortgage; (2) that they were entitled to a jury trial; and (3) that their case should be transferred to superior court because their oral contract claim sounded in equity.

On July 13, 1998, the state court granted the Bank's writs of possession against the Allens, and, on July 28, 1998, it issued an order finding that the Allens raised no triable issues for consideration. Accordingly, the state court denied the Allens' motions for a jury trial and for transfer of the case.

1. As an initial matter, following foreclosure there would be no mortgage left to "reinstate or refinance" as the Allens contend. Instead, an agreement could be made by the Bank to sell the property back to the Allens, subject to a new mortgage. Any such agreement, however, would have to be in writing. OCGA § 13-5-30 (4) requires that "[a]ny contract for sale of lands, or any interest in, or concerning lands" must be in writing and signed by the party to be bound to be enforceable. Furthermore, OCGA § 13-5-30 (7) requires that "[a]ny commitment to lend money" be in writing as well. Here, any agreement by the Bank, which holds title to the property following foreclosure, to "reinstate or refinance" the Allens' mortgage would be tantamount to a transfer of an interest in real property subject to OCGA § 13-5-30 (4). As such, the Allens' claim that the Bank orally agreed to reinstate their mortgage following foreclosure is untenable in the absence of a written agreement.

2. As the Allens' claims lack merit as a matter of law, the trial court properly denied their motions for a jury trial. "[The Allens] correctly assert[ ] that the right to trial by jury exists in dispossessory actions. [They are] incorrect, however, in asserting that [they were] deprived of this right by the trial court. The existence of the right does not demand that a jury trial be held in all cases, including those where no issues remain for jury determination." (Citation omitted.) *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (3) (464 SE2d 219) (1995).

3. Because the Allens' claims lack merit as a matter of law, the

state court properly refused the Allens' request to transfer their case to superior court. See *Bread of Life Baptist Church v. Price*, 194 Ga. App. 693 (392 SE2d 15) (1990).

4. In their final enumeration of error, the Allens argue that the laws in Georgia regarding dispossessory proceedings violate the First Amendment of the United States Constitution. "Except in limited situations, not here pertinent, the Supreme Court [of Georgia] has exclusive jurisdiction of constitutional construction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). In this instance, the record does not show that the trial court ever ruled on [the Allens'] challenge to the constitutionality of [the dispossessory proceedings against them]. Since there is no ruling on the constitutionality of [such proceedings], the issue is not properly presented for appellate review in this case as it was not explicitly argued and ruled on below." (Punctuation omitted.) *Harris v. State*, 230 Ga. App. 842 (497 SE2d 810) (1998).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 17, 1998 —
RECONSIDERATION DENIED FEBRUARY 5, 1999 — 

Ernest T. Allen, *pro se.*
Sandra D. Allen, *pro se.*
*Womble, Carlyle, Sandridge & Rice, Devereaux F. McClatchey V, Everett W. Gee III, R. Wayne Bond,* for appellee.