A99A0252. GENTRY v. CHATEAU PROPERTIES.
(511 SE2d 892)

ELDRIDGE, Judge.

Defendant-appellant Eddie Gentry challenges the Cobb County State Court's grant of a directed verdict to plaintiff-appellee Chateau Properties in a dispossessory action. We affirm.

The following facts are undisputed: In 1995, Gentry purchased a mobile home which was anchored to property in the Castlewood Estates Mobile Home Park, located in Mableton, Cobb County. At that time, the park was owned by ROC Properties; Chateau Properties purchased the park in February 1997. Gentry never signed a lease for the lot on which the home was located, but paid rent on a month-to-month basis from 1995 until December 1997. On December 28, 1997, Chateau Properties gave Gentry 60 days notice to vacate the property, pursuant to OCGA § 44-7-7. When Gentry failed to vacate, Chateau Properties filed this dispossessory action.

Gentry filed a motion to transfer the case to the Cobb County Superior Court, claiming that, because he owned stock in Chateau Properties, he had an ownership interest in the land. Accordingly, he argued, this case raised an issue regarding the title of land that had to be decided in superior court. The trial court found that Gentry was estopped from raising a challenge to Chateau Properties' title to the

land during a dispossessory hearing and denied Gentry's motion to transfer.

A jury trial was conducted on July 9, 1998. Gentry acted pro se. Chateau Properties filed a motion in limine, which was granted by the trial court. The trial court gave Gentry the opportunity to proffer evidence excluded by the motion in limine for the purposes of an anticipated appeal.

On direct examination, Chateau Properties presented the testimony of its property manager, who testified as to the absence of a written lease between the parties and to the 60-day notice. She also testified that, if Gentry had signed a lease with Chateau Properties, it would have been a month-to-month contract. Chateau Properties also called Gentry for the purposes of cross-examination. He admitted that he did not have a written lease for the property and that he received the December 1997 notice to vacate. During his case-in-chief, Gentry explained to the jury that he believed he had acquired an estate for life from the previous lessee. However, he presented no evidence to support this assertion.

The trial court granted Chateau Properties' motion for directed verdict and issued a writ of possession. Gentry appeals. *Held*:

1. In his first enumeration, Gentry asserts that the trial court erred in failing to transfer the case to superior court, claiming that he had a partial ownership interest in the property pursuant to his ownership of stock in Chateau Properties. He claims that, under Art. VI, Sec. IV, Par. I of the Georgia Constitution of 1983, the superior court has jurisdiction over the case because it involves a dispute over the title of land. See also OCGA § 15-6-8 (1).

However, pursuant to OCGA § 44-7-9,[1] Gentry is estopped from asserting an ownership interest in the property, and thereby disputing his landlord's title to the property, during a dispossessory hearing. See also *Ranger v. First Family Mtg. Corp. of Fla.*, 176 Ga. App. 715 (1) (337 SE2d 388) (1985); *McKinney v. South Boston Sav. Bank*, 156 Ga. App. 114, 115 (2) (274 SE2d 34) (1980). Further, the defendant is not entitled to an automatic transfer, as the state court is a court of record with jurisdiction over a dispossessory action. See OCGA § 44-7-53 (b); *Rowe v. Fleet Mtg. Corp.*, 226 Ga. App. 593, 594 (2) (487 SE2d 133) (1997); *Napper v. Nat. Mtg. Group*, 194 Ga. App. 148 (390 SE2d 70) (1990); *Ranger v. First Family Mtg. Corp. of Fla.*, supra at 716 (5). Therefore, the trial court did not err in refusing to

---

[1] "The tenant may not dispute his landlord's title or attorn to another claimant while he is in actual physical occupation, while he is performing any active or passive act or taking any position whereby he expressly or impliedly recognizes his landlord's title, or while he is taking any position that is inconsistent with the position that the landlord's title is defective." OCGA § 44-7-9.

transfer the case to superior court.

2. In his second enumeration, Gentry asserts that the trial court erred in disallowing evidence of emblements[2] or emoluments[3] that Gentry allegedly gained during his occupation of the property. However, the trial court correctly found that these issues were irrelevant to Chateau Properties' dispossessory action, as Gentry failed to assert any claim as to emblements or emoluments in his answer or as a counterclaim; to proffer evidence of the existence, value, and date of creation of the alleged specific improvements that may have been the basis for such claim; or to proffer evidence as to an agreement between the parties for reimbursement of the cost of any improvements. See OCGA §§ 9-11-13; 44-7-8; 44-7-51 (b); *Petty v. Kennon*, 49 Ga. 468, 471 (1873). Accordingly, there was no error.

3. Gentry also asserts that the trial court erred in finding as a matter of law that he had a tenancy at will. Gentry claims that he assumed a lease in 1995 and that, when tacked onto his possession of the property, the combined possession exceeded five years. As such, he claims that he had an estate for life, thereby precluding Chateau Properties from forcing him to vacate. See OCGA § 44-6-82 (a).[4]

However, under OCGA § 44-7-1 (b), "[a]ll renting or leasing of real estate for a period of time less than five years shall be held to convey only the right to possess and enjoy such real estate, to pass no estate out of the landlord, and to give only the usufruct unless the contrary is agreed upon by the parties to the contract and is so stated in the contract." See also OCGA § 44-7-1 (a). "Where no time is specified for the termination of a tenancy, the law construes it to be a tenancy at will." OCGA § 44-7-6. See also *Western Union Tel. Co. v. Fain & Parrott*, 52 Ga. 18, 20-21 (1874).

In this case, it is undisputed that, when Gentry purchased the mobile home in 1995, he never signed a lease with Chateau Properties or the company which then owned the property. Further, Gentry presented no evidence to support his assertion that the property owner *ever* contracted for or consented to the establishment of a life estate in the property; that the prior tenant had possessed a life estate; or that he assumed a lease or a life estate when he purchased the mobile home from the previous tenant. Cf. *Draper & Kramer, Inc. v. Lerow*, 143 Ga. App. 413, 414 (2) (238 SE2d 560) (1977) (by

---

[2] "The doctrine of emblements denotes the right of a tenant to take and carry away, after his tenancy has ended, such annual products of the land as have resulted from his own care and labor." Black's Law Dictionary (6th ed.), p. 522.

[3] Gentry utilizes the alternative term, "emoluments," interchangeably with emblements. "Emoluments" refer to the "profit arising from office, employment, or labor." Id. at 524.

[4] "An estate for life may be created by deed or will, by express agreement of the parties, or by operation of law." OCGA § 44-6-82 (a).

accepting rental payments from assignee, landlord accepted assignment of a prior, renewable, year-to-year lease for the remainder of the term); *Norge Sales Corp. v. Baker*, 111 Ga. App. 373 (1) (a), 374 (2) (141 SE2d 786) (1965) (sub-lease of property expressly approved by landlord). Accordingly, there was no error in the trial court's determination that, as a matter of law, Gentry's relationship to Chateau Properties was as a tenant at will.

4. In his fourth enumeration, Gentry claims that the trial court erred in issuing a writ of possession, asserting that Chateau Properties' petition constituted an abuse of process. However, pursuant to our analysis in the prior divisions, Gentry was a tenant at will. Gentry does not dispute that he received the required 60 days termination notice pursuant to OCGA § 44-7-7. See also OCGA § 44-7-50. Chateau Properties filed a petition for a writ of possession, Gentry timely answered, and a trial was conducted pursuant to OCGA § 44-7-53 (b).

Gentry failed to assert or demonstrate the elements of malicious use or abuse of process in his answer or in a counterclaim. See *Defnall v. Schoen*, 73 Ga. App. 25, 30 (35 SE2d 564) (1945). Although he argued pre-trial that Chateau Properties had an improper motive for filing this action, the landlord's motive in seeking possession of its property is immaterial in a dispossessory action. *Williams v. Housing Auth. of Columbus*, 158 Ga. App. 734, 737 (282 SE2d 141) (1981).

Accordingly, there was no error in the trial court's issuance of a writ of possession.

5. As Gentry's final two enumerations were unsupported by argument or citations to authority, they are deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 9, 1999.

Eddie Gentry, *pro se.*
*Robert W. Shurtz, Kris K. Skaar*, for appellee.