## A00A1555. SOLOMON v. NORWEST MORTGAGE CORPORATION.
(538 SE2d 783)

MIKELL, Judge.

Connie Solomon, pro se, appeals the grant of summary judgment in favor of Norwest Mortgage Corporation ("Norwest") in this dispossessory action filed after she defaulted on her mortgage. Finding no error, we affirm.

1. In reviewing grants of summary judgment, "this [c]ourt conducts a de novo review of the law and the evidence."[1] To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law.[2]

The undisputed facts entitle Norwest to judgment as a matter of law. The evidence shows that Solomon executed a security deed conveying the property at issue to Unity Mortgage, and that the deed was subsequently assigned to Norwest. After Solomon defaulted under the terms of the security deed, Norwest declared the full amount of the indebtedness immediately due and payable. Norwest sent two notices of the pending foreclosure sale via regular and certified U. S. mail to Solomon; however, she failed to respond or to pay the amount owed within ten days of receiving the notices.

The evidence further shows that on June 1, 1999, Norwest sold the property at an auction on the steps of the DeKalb County courthouse. Norwest purchased the property as the highest bidder and became the record title holder. Norwest sent a demand for possession to Solomon; however, she failed to relinquish possession. Thereafter, Norwest filed a dispossessory action; Solomon filed an answer denying all of Norwest's allegations and a counterclaim alleging wrongful foreclosure. On February 24, 2000, the trial court granted summary judgment in favor of Norwest and dismissed Solomon's counterclaim.

It is undisputed that Solomon is a tenant at sufferance, subject

---

[1] *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).
[2] OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

to dispossession. "[W]here the grantor . . . in a security deed remains in possession of the premises after lawful foreclosure of the deed, [she] is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale."[3] It is also undisputed that Norwest demanded possession of the property following the foreclosure sale, as required by OCGA § 44-7-50. Solomon was properly served with the dispossessory warrant and was provided adequate notice of the hearing.[4]

Solomon has challenged the validity of the foreclosure in defense of the dispossessory proceedings against her; however, "after foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed."[5]

2. Solomon challenges the constitutionality of Georgia's dispossessory laws, OCGA § 44-7-50 et seq., and alleges that the dispossessory proceedings denied her rights to equal protection and due process of law.

Solomon failed to preserve these constitutional issues for appeal. She did not raise the arguments in her answer or counterclaim. Nor does our review of the transcript reveal any constitutional argument similar to the ones now raised for the first time on appeal. It is well settled that the constitutionality of a statutory scheme cannot be challenged for the first time on appeal.[6] Accordingly, these enumerations present nothing for review.[7] In any event, constitutional challenges to the laws governing dispossessory proceedings have previously been rejected on appeal.[8]

3. Although Solomon has not enumerated this issue as error on appeal, she argues that the trial court improperly dismissed her counterclaim alleging wrongful foreclosure. We disagree. "As the superior courts have exclusive jurisdiction in cases respecting title to land, this issue could not be tried in state court."[9]

Moreover, the trial court did not abuse its discretion in denying Solomon's motion to transfer the proceeding to superior court.[10] Her

---

[3] (Citations and punctuation omitted.) *Marsh v. Resolution Trust Corp.*, 211 Ga. App. 216, 217 (1) (439 SE2d 75) (1993).

[4] OCGA § 44-7-51 (a); see *Van Schallern v. Stanco*, 132 Ga. App. 794 (209 SE2d 243) (1974).

[5] *Bellamy v. Fed. Deposit Ins. Corp.*, 236 Ga. App. 747, 750 (1) (512 SE2d 671) (1999).

[6] *Allen v. Tucker Fed. Bank*, 236 Ga. App. 245, 247 (4) (510 SE2d 546) (1998); *Rowe v. Fleet Mtg. Corp.*, 226 Ga. App. 593, 594 (3) (487 SE2d 133) (1997).

[7] *Soles v. Beasley*, 234 Ga. 622 (216 SE2d 864) (1975).

[8] *State v. Sanks*, 225 Ga. 88, 90-91 (166 SE2d 19) (1969); *Allen*, supra at 247.

[9] *Hyman v. Leathers*, 168 Ga. App. 112, 113 (2) (308 SE2d 388) (1983), citing Ga. Const., Art. VI, Sec. IV, Par. I.

[10] *Gentry v. Chateau Properties*, 236 Ga. App. 371, 372 (1) (511 SE2d 892) (1999); *Ranger v. First Family Mtg. Corp.*, 176 Ga. App. 715, 716 (5) (337 SE2d 388) (1985).

reliance on *Rucker v. Fuller*[11] is misplaced. As we recognized in *Rowe v. Fleet Mtg. Corp.*,[12]

> former Code Ann. § 61-303 as interpreted in *Rucker* has been superseded by subsequent legislative enactment. As currently enacted, OCGA § 44-7-53 (b) provides "If the tenant answers, a trial of the issues shall be had in accordance with the procedure prescribed for civil actions in courts of record. . . ." "The State Court of DeKalb County is a court of record. . . ."[13]

Therefore, because the state court is a court of record with jurisdiction over the dispossessory action, the trial court did not err in denying the motion to transfer.[14] Solomon was not precluded from challenging Norwest's title, as she could have filed a separate action in superior court attacking the foreclosure.[15]

4. Finally, Norwest argues that a $1,000 fine should be imposed on Solomon for filing a frivolous appeal, pursuant to Court of Appeals Rule 15 (b). "When the law is indisputably clear concerning the issues raised on appeal, frivolous appeal penalties may be imposed."[16] Solomon has demonstrated an impressive level of understanding of the applicable law; however, we cannot conclude that the law is indisputably clear such that a penalty should be imposed.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED AUGUST 28, 2000 —
RECONSIDERATION DENIED SEPTEMBER 13, 2000 

Connie Solomon, *pro se.*
*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Scott N. Liebschutz, John G. Aldridge, Jr., Kevin T. O'Sullivan*, for appellee.

---

[11] 247 Ga. 423 (276 SE2d 600) (1981).
[12] Supra, 226 Ga. App. 593.
[13] (Citations omitted.) Id. at 594 (2).
[14] *Gentry*, supra at 372.
[15] See *Womack v. Columbus Rentals*, 223 Ga. App. 501 (478 SE2d 611) (1996); *Hyman*, supra at 113.
[16] *Hightower v. Kendall Co.*, 225 Ga. App. 71, 73 (5) (483 SE2d 294) (1997).