A01A1224. ERFANI v. BISHOP.
(553 SE2d 326)

ELDRIDGE, Judge.

Mohammad R. Erfani sued Mary Bishop for malicious prosecution, defamation, and false imprisonment. The defendant answered and moved for summary judgment. After a hearing, the trial court granted the motion. We affirm.

Erfani was a tenant at will of Bishop at an office building located at 1234 Moreland Avenue, Atlanta, DeKalb County. He paid a rental fee plus metered utilities to be reimbursed on a timely basis; he incurred utilities arrearages that he could not catch up and gave notice of less than a month that he was vacating the premises. On April 16, 1996, Erfani made his last rental payment prior to vacating the premises to Bishop "for rent up to May 1996." Bishop contended that Erfani owed her a month's rent for May, because he failed to give her a month's notice of vacating. Erfani disputed this.

After vacating the premises, Erfani left some furniture in a storage room accessed through the suite that he had rented. Bishop changed the lock on the door to the suite after he vacated and prior to May 1. On May 1, 1996, about 6:30 p.m., someone broke the door, entered, and removed Erfani's property. An eyewitness identified Erfani as the person who broke into the office he had previously vacated. By affidavit, Erfani admitted that he returned to the office on May 1, stating: "On May 1, 1996, I was vacating the premises and moving my belongings from the premises. When I was making my final trip to the premises to remove the remaining items from there, I

---

[7] *C. C. E.*, supra, 246 Ga. App. at 585.
[8] See id. at 584-585.

had difficulty opening the door to my office and had to push it open to be able to get in. On May 1, 1996, I was vacating the premises and moving my belongings from there, and did not damage the property of Mary Bishop."

On May 8, 1996, Bishop swore out a warrant against him for criminal trespass. On August 31, 1998, Erfani was arrested on this warrant. On October 27, 1998, the DeKalb County Solicitor-General's Office filed a notice with the State Court of DeKalb County that the statute of limitation on the criminal trespass, a misdemeanor, had run and that an accusation would not be drawn.

1. Plaintiff contends that the trial court erred in granting summary judgment because there existed material issues of fact. We do not agree.

(a) Malicious prosecution is defined under OCGA § 51-7-40: "A criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action."

The essential elements of malicious prosecution include: (1) prosecution for a criminal offense; (2) prosecution instigated under a valid warrant, accusation, or summons; (3) termination of the prosecution in favor of the plaintiff; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff. *Atlantic Zayre v. Meeks*, 194 Ga. App. 267, 268 (1) (390 SE2d 398) (1990); *Commercial Plastics & Supply Corp. &c. v. Molen*, 182 Ga. App. 202, 203 (1) (355 SE2d 86) (1987); *J. C. Penney Co. v. Miller*, 182 Ga. App. 64, 66 (2) (354 SE2d 682) (1987); *Medoc Corp. v. Keel*, 166 Ga. App. 615-616 (1) (305 SE2d 134) (1983).

(b) While the arrest warrant was valid when sworn out, the statute of limitation of two years for a misdemeanor of criminal trespass ran before the warrant was executed. OCGA § 17-3-1 (d); *Flint v. State*, 12 Ga. App. 169, hn. 2, 173 (76 SE 1032) (1913). The issuance of the arrest warrant does not toll the criminal statute of limitation. While the presentment of an indictment or accusation will toll the statute, neither was done. *Flint v. State*, supra at 171-172. Thus, Erfani could not be prosecuted for a misdemeanor criminal trespass at the time of his arrest, because the offense occurred more than two years prior to the arrest. *Cain v. State*, 144 Ga. App. 249 (1) (240 SE2d 750) (1977); *Austin v. State*, 104 Ga. App. 795-796 (3) (122 SE2d 926) (1961). However, a criminal act was charged and a valid warrant was issued, which was not barred by the statute of limitation when issued. The civil statute of limitation for malicious prosecution commences to run upon the termination of the criminal prosecution in plaintiff's favor. OCGA § 51-7-41; *Daniel v. Ga. R. Bank &c. Co.*, 255 Ga. 29, 31 (334 SE2d 659) (1985); *Waters v. Walton*, 225 Ga. App. 119, 120 (483 SE2d 133) (1997). Thus, the trial court erred in grant-

ing summary judgment on this ground; however, if the trial court is right for any reason, then it must be affirmed. *Bennett v. Cotton*, 244 Ga. App. 784, 787 (2) (536 SE2d 802) (2000).

(c) In this case, plaintiff ceased to be a tenant upon his vacating the defendant's premises prior to the end of the rental term and thereafter was a trespasser thereon. Plaintiff paid rent to the end of April and was in arrears as to utilities. He gave less than 30 days notice that he was terminating the rental agreement. The defendant contended that he owed for another month because he gave less than a month's notice. The defendant changed the locks after plaintiff moved out, exercising dominion and control over the premises with the intent to exclude the plaintiff. The plaintiff admitted that he returned to the premises on May 1, 1996, and forced the door to enter to get the remainder of his property. His attempted reentry was after the term of his rental had expired and after he had abandoned the premises.

Where there is an oral agreement, the law treats the agreement as a tenancy at will, which requires the tenant to give a 30-day termination notice prior to vacating the premises. OCGA §§ 44-7-6; 44-7-7; *Diner One v. Bank South*, 219 Ga. App. 702, 703-704 (466 SE2d 234) (1995); *Stepp v. Richman*, 75 Ga. App. 169, 170 (42 SE2d 773) (1947). The end of a terminated rental term occurs on the last day of the required notice month and not on the first day of the next month. See generally *Lamons v. Good Foods*, 195 Ga. 475, 478 (24 SE2d 678) (1943); *D. Jack Davis Corp. v. Karp*, 175 Ga. App. 482, 484 (1) (333 SE2d 685) (1985); *Jones v. Atlanta Housing Auth.*, 148 Ga. App. 605, 607 (2) (252 SE2d 19) (1979). The tenant can terminate a tenancy at will with a full month's notice; if less notice is given, then he is obligated to pay another full month's rent. *Western Union Tel. Co. v. Fain & Parrott*, 52 Ga. 19, 21-22 (1874). When the tenant vacates the premises prior to the end of the term, this constitutes an abandonment of the tenancy. See generally *White v. Orton Indus.*, 224 Ga. App. 342, 343-344 (480 SE2d 620) (1997); *Treisch v. Doster*, 61 Ga. App. 292 (6 SE2d 128) (1939); *Baldwin v. Lampkin*, 14 Ga. App. 828, 832 (3) (82 SE 369) (1914). Where the tenant abandons the premises prior to the end of the lease term and the landlord changes the locks, this gives rise to the inference that the landlord accepted the surrender of the premises, although a mere surrender of the keys to the premises may not give rise to the inference of acceptance of surrender of the premises. See generally *Jenkins v. Smith*, 92 Ga. App. 296 (3) (88 SE2d 533) (1955); *Kessler v. Slappey*, 34 Ga. App. 614, 617 (130 SE 921) (1925). When a former tenant reenters the abandoned tenant-premises after the term has expired, such entry is not in the legal relationship as landlord-tenant, which ceased upon the expiration of the term. *Lasseter v. Fenn*, 66 Ga. App. 173, 175 (17 SE2d 303)

(1941). Thus, Erfani's entry into the property of the defendant on May 1 was not as a tenant holding over, but as a trespasser, because he had abandoned the premises and the defendant had accepted the surrender by installing the locks to keep him and anyone else out without her express permission for entry.

An eyewitness reported to the defendant and to the police that on May 1, 1996, he heard someone break in and saw Erfani coming out of the defendant's premises with Erfani's property. Erfani told the eyewitness that he was getting his things and moving out. The defendant and the police found that the former offices of Erfani had been broken into through a locked door and that Erfani's property stored there was missing. Thus, no longer being a tenant and having made a forceful entry into defendant's property, Erfani was trespassing. From knowledge of the existence of such facts and circumstances then existing, such would excite the belief in a reasonable mind, acting on such knowledge had by the defendant on May 8, 1996, that Erfani had committed criminal trespass. This constituted probable cause to swear out the warrant in this case. OCGA § 51-7-43; *Melton v. LaCalamito*, 158 Ga. App. 820, 823 (2) (282 SE2d 393) (1981). The magistrate's binding the case over to the state court is prima facie evidence of probable cause but not conclusive. *Sykes v. South Side Atlanta Bank*, 53 Ga. App. 450, 452 (2) (186 SE 464) (1936). Where Erfani admits entering the premises on May 1 and having to force the door, the facts are not in dispute; therefore, probable cause becomes a legal issue for the court instead of a mixed question of law and fact for the jury. *Gantt v. Patient Communication Systems*, 200 Ga. App. 35, 38 (2) (406 SE2d 796) (1991); *Medoc Corp. v. Keel*, supra at 616 (1); *Melton v. LaCalamito*, supra at 822. Since the defendant had reasonable cause to believe that plaintiff committed the criminal offense, then there was probable cause to take out the warrant, and summary judgment was proper. *Atlantic Zayre v. Meeks*, supra at 269; *Melton v. LaCalamito*, supra at 823-824.

2. Plaintiff contends that the trial court erred in granting summary judgment on his other theories of liability for false imprisonment and for defamation, because these theories of liability were not argued before the trial court, and there was no evidence regarding these issues. We do not agree.

While the trial court's order does not seem to focus on these claims, the evidence regarding the arrest warrant affidavit and the issue of defamation is sufficient to demonstrate that such issue is barred as a matter of law; likewise, the evidence regarding the issue of malicious prosecution is undisputed and subject to disposition by the trial court as a matter of law. There was no transcript of the hearing on the motion for summary judgment filed by the plaintiff; therefore, we cannot know what was argued before the trial court.

(a) Plaintiff amended his complaint to set forth a count for false imprisonment.

> An action for false imprisonment will lie where a person is unlawfully detained under a void process, or under no process at all, and cannot be maintained where the process is valid, no matter how corrupt may be the motives of the person suing out the process or how unfounded the imprisonment may be. Thus, when the detention is predicated on *no process*, false imprisonment *is* an available remedy and liability depends upon whether a detention without supporting process was legally authorized under the circumstances. When the detention is predicated upon *procedurally valid process*, false imprisonment is *not* an available remedy, . . . because detention effectuated pursuant to procedurally valid process, such as an arrest warrant, is not "unlawful." . . . In the event that procedurally *void or defective* process is secured, there is a cause of action for false imprisonment, *but only* if the process was itself secured in bad faith.

(Citations and punctuation omitted; emphasis in original.) *Williams v. Smith*, 179 Ga. App. 712, 714 (2) (348 SE2d 50) (1986).

Since the arrest warrant was procedurally valid when taken out and the successful termination of the prosecution occurred only because the failure to execute the arrest warrant timely by the sheriff allowed the statute of limitation to bar prosecution, then summary judgment for false imprisonment was appropriately granted where a valid warrant caused the arrest in this case. Thus, as a matter of law no false imprisonment action could exist. *Franklin v. Consolidated Govt. of Columbus*, 236 Ga. App. 468, 470 (1) (512 SE2d 352) (1999); *Reese v. Clayton County*, 185 Ga. App. 207 (363 SE2d 618) (1987). Thus, no additional facts were necessary to decide this issue of law on summary judgment.

(b) Plaintiff also brought a count for defamation in swearing out the warrant. The statements in an affidavit in support of an arrest warrant are absolutely privileged unless made falsely and with malice, which was not alleged in the complaint in this case. OCGA § 51-5-8; *Skoglund v. Durham*, 233 Ga. App. 158, 159 (502 SE2d 814) (1998); *Hardee's Food Systems v. Hall*, 184 Ga. App. 586, 588 (2) (362 SE2d 143) (1987); *Watkins v. Laser/Print-Atlanta*, 183 Ga. App. 172, 173 (2) (358 SE2d 477) (1987); *Tetrault v. Shelton*, 179 Ga. App. 746, 747 (1) (347 SE2d 636) (1986). Further, the statute of limitation for injury to reputation runs from the publication in one year, and in this case, the action was not timely filed. OCGA § 9-3-33; *Daniel v. Ga. R. Bank &c. Co.*, supra at 30. Therefore, summary judgment was

properly granted on such theory and required no additional evidence to rule as a matter of law.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 1, 2001.

*Slater & King, Scott R. King,* for appellant.
*Scott Walters, Jr.,* for appellee.