## A03A1090. GU et al. v. LIU.
(585 SE2d 740)

JOHNSON, Presiding Judge.

This case involves an oral rental agreement. The record shows that Ruo-Qun Gu and Nai Zhi Bai entered into an oral agreement with Zhan-Ging Liu for the rental of property owned by Liu. The parties dispute whether the agreement was for one year or was month to month. Fourteen months after the initial agreement, Liu tendered a sixty days demand for Gu and Bai to vacate the property, but Gu and Bai refused. Sixteen months after the initial agreement, Liu filed a dispossessory proceeding to remove Gu and Bai from the property. A magistrate judge ordered Gu and Bai to vacate the premises. Gu and Bai appealed to the superior court. Following a bench trial, the superior court judge also ruled in favor of Liu. Gu and Bai appeal this ruling. For reasons which follow, we affirm the superior court's ruling.

1. Gu and Bai contend the trial court erred in ruling that oral rental agreements can only be on a month-to-month basis. They also contend that Liu admitted the oral agreement was for a one-year period by failing to respond to requests for admission. Regardless of the merits of these contentions, Gu and Bai's appeal is without merit.

Where there is an oral agreement, the law treats the agreement as a tenancy at will.[1] And where no time is specified for the termination of a tenancy, the law construes it to be a tenancy at will.[2] To terminate a tenancy at will, the landlord is only required to give the tenant 60 days notice.[3] Here, Liu properly tendered a 60 days demand for Gu and Bai to vacate the property. Moreover, even if parol evidence could be used to establish and enforce the oral agreement,[4] and even if the oral agreement was for a period of one year, that period of time had expired prior to Liu's required sixty days demand and prior to the filing of the dispossessory case. Thus, at the time Liu sent the required statutory notice and subsequently filed the dispossessory case, Gu and Bai were clearly tenants at will. The trial court did not err in entering judgment in favor of Liu.

2. Gu and Bai contend that allowing Mark Lewis, a magistrate judge, to sit by designation and conduct the superior court appeal in this case constitutes an inherent judicial conflict since the superior court appeal arose in the magistrate court. However, Gu and Bai failed to object to the appointment of the magistrate to sit as a superior court judge prior to trial and, thus, failed to preserve the issue

---

[1] See *Erfani v. Bishop*, 251 Ga. App. 20, 22 (1) (553 SE2d 326) (2001).

[2] OCGA § 44-7-6; *Gentry v. Chateau Properties*, 236 Ga. App. 371, 373 (3) (511 SE2d 892) (1999).

[3] OCGA § 44-7-7.

[4] See *Gen. Hosps. of Humana v. Jenkins*, 188 Ga. App. 825, 827 (1) (374 SE2d 739) (1988).

for appeal.[5] Moreover, Gu and Bai fail to cite any cases to support their argument and fail to cite any actions taken by Judge Lewis which show any prejudice or conflict. The record does not indicate either that Lewis' position as a magistrate judge or his designation to sit as a superior court judge and preside over this case actually prejudiced Gu and Bai's case or affected Lewis' ability to effectuate his duties as an impartial judge.[6] This enumeration of error lacks merit.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JULY 17, 2003.

Ruo-Qun Gu, *pro se.*
Nai Zhi Bai, *pro se.*
Zhan-Ging Liu, *pro se.*

[5] *Troncone v. Troncone,* 261 Ga. 662, 663 (3) (409 SE2d 516) (1991); *Bennett v. Jones,* 218 Ga. App. 714, 715 (1) (463 SE2d 158) (1995).

[6] See generally *O'Melia v. State,* 255 Ga. 476, 478 (2) (339 SE2d 586) (1986).