## 21459.  MAYOR AND ALDERMEN OF SAVANNAH *v.* HERNDON.

DECIDED JANUARY 13, 1932.

*John J. Bouhan, Marvin O'Neal Jr.,* for plaintiff in error.

*Pottle, Hardwick, Farkas & Cobb, H. Mercer Jordan,* contra.

LUKE, J. 1. This case is an action against the mayor and aldermen of the City of Savannah for damages to person. It appears on the face of the petition that the written notice of the plaintiff's claim was given to the city more than twelve months after the infliction of the injury sued for. The city demurred to the petition and asked that it be dismissed, on the ground that it appeared from the petition that "the notice of the accident and claim was not filed with the mayor and aldermen of the City of Savannah within the time prescribed by law, to wit, within six months after the happening of the alleged injury, as specified in the acts of the General Assembly of Georgia, act of 1915, p. 825. The said accident is alleged in the petition to have occurred on the 19th day of October, 1928, and the first notice that was filed with the city, according to the petition, was on the 11th day of March, 1930." The demurrer was overruled and the defendant excepted.

The court erred in overruling the demurrer. The act of 1915 amending the charter of the City of Savannah (Ga. L. 1915, p. 825) provides, in section 1, that "no action for damages to person or property of any character whatever shall be instituted against the City of Savannah unless, within six months from the happening or infliction of the injury complained of, the complainant, his executors and administrators, shall give notice to the mayor and aldermen of said city of such injury in writing, stating in such notice the date and place of the happening or infliction of such injury, the manner

of such infliction, the character of the injury and the amount of damages claimed therefor." The above-quoted provision of the act being clear and unambiguous, it was the duty of the court to apply it to the facts of the case, the record not showing that any attack upon its validity was made.

2. The constitutionality of an act of the General Assembly will not be passed upon by a reviewing court "unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." *Brown* v. *State,* 114 *Ga.* 60 (2) (39 S. E. 873) ; *Anderson* v. *State,* 2 *Ga. App.* 1 (58 S. E. 401). In the instant case the record fails to show that the question of the constitutionality of the act of 1915, supra, argued in the brief of counsel for the defendant in error, "was directly and properly made in the court below and distinctly passed on by the trial judge." It follows that the question can not be considered in this case.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*