57004. BRACKETT et al. v. CITY OF ATLANTA.

MCMURRAY, Judge.

Ophelia Brackett and Russell Wayne Brackett sued the City of Atlanta, a municipal corporation, for negligence arising out of an injury to the plaintiff Ophelia Brackett in which she tripped on a jagged metal stake protruding approximately 3 1/2" through the sidewalk but completely hidden and covered by tall grass, thereby causing her to fall and fracture her right hip. Her husband, plaintiff Russell Wayne Brackett, sued for loss of consortium resulting when his wife's injuries deprived him of her services. Attached to the petition was a copy of a letter, designated as "Certified Mail No. 474112 Return Receipt Requested," sent to the municipal authorities of the City of Atlanta dated December 16, 1977, whereby the ante litem notice required by Code Ann. § 69-308 (Ga. L. 1953, Nov. Sess., p. 338; 1956, pp. 183, 184) was sent to the city as the result of the injuries allegedly occurring on June 19, 1977. The "certified mail" letter with receipt attached to the pleadings shows no date of delivery as same has been obliterated with pen or pencil although the receipt was postmarked with a date which is illegible. Immediately, the City of Atlanta filed a motion to dismiss the action on the ground that plaintiffs had failed to provide timely ante litem notice of their claim as required

by Code Ann. § 69-308, supra. The city also otherwise answered the complaint in accordance with law.

Immediately plaintiffs amended their complaint in which they alleged that the written notice of their claim dated December 1, 1977, which was a letter to Mr. Henry Murff, city attorney, 2614 First National Bank Tower, Atlanta, Georgia 30303, referring to the date of accident of Ophelia Brackett as June 19, 1977. This letter states that the writer was retained by Mr. and Mrs. Brackett to represent them in an action against the City of Atlanta, "arising out of an accident that occurred June 19, 1977, on the sidewalk of Bankhead Highway near the Fulton Industrial Boulevard." The letter states further that as a result of "this accident, Mrs. Brackett suffered a fractured hip and was hospitalized."

Thereafter, the motion to dismiss came on for a hearing before the court and "after reviewing all appropriate materials" the same was granted. Plaintiffs appeal. *Held:*

While the appropriate materials appear to be merely the pleadings, including the answer and motion and copies of letters attached to pleadings, as well as the argument of counsel which has been filed in the record below we are unable to determine if the ante litem notice contained in the first and second letters arrived more than six months after the alleged incident and injury on June 19, 1977. The second letter is dated December 16, 1977, forwarded to the city by certified mail but we are unable to ascertain from the receipt of the certified mail as to the date on which it was delivered. Accordingly, from the status of the record before us the record does not show on its face that the ante litem notice was given more than six months after the happening of the event upon which the claim is predicated. See *Washington v. City of Columbus,* 136 Ga. App. 682, 691 (5) (222 SE2d 583); *City of Atlanta v. Fuller,* 118 Ga. App. 563, 564 (c) (164 SE2d 364). Compare *Mayor &c. of Savannah v. Herndon,* 44 Ga. App. 574 (162 SE 398).

*Judgment reversed. Deen, P. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 2, 1979 —

*Gore, Lee & Blackford, Peter M. Blackford,* for appellants.
*Ferrin Y. Mathews, Murray F. Bahm,* for appellee.