### A03A2301. CAMPBELL v. McLARNON.
(593 SE2d 21)

BLACKBURN, Presiding Judge.

In this case regarding the extent of a superior court's jurisdiction, Jane Campbell appeals the trial court's dismissal of her appeal[1]

---

[20] 244 Ga. App. 1 (533 SE2d 743) (2000).
[1] Campbell is represented by counsel in her appeal before this Court.

in her pro se action against Michael Charles McLarnon, M.D., contending that the trial court erred by: (1) misleading her into believing that she had been given an extension of time to file her notice of appeal; (2) failing to exercise its discretion to extend her time to file her notice of appeal in response to Campbell's ambiguous request for an extension of time to file a transcript; and (3) dismissing her appeal in general. Because we find no error in the trial court's actions, we affirm.

The record shows that, on March 3, 2001, Campbell, acting pro se, filed a complaint against her therapist, McLarnon, and six others,[2] contending that McLarnon had submitted false or inadequate progress reports to Campbell's insurer, which had resulted in the insurer denying Campbell's disability claim. At the time she filed her complaint, Campbell did not file an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim," OCGA § 9-11-9.1 (a), and, after a hearing on January 28, 2003, the trial court granted a motion by McLarnon to dismiss Campbell's suit.

On February 10, 2003, Campbell submitted a one-page, handwritten letter to the trial court. The letter stated:

> I tried to contact Linda Calcagno, your court reporter, immediately after the hearing in your court. She had my phone number transposed (wrong) and didn't return my calls [week #1]. Week #2 I went to your office, in person, and the secretary told me Mrs. Calcagno was out for the week. Today I contacted Mrs. Calcagno and she told me she wouldn't be able to get a transcript to me until "sometime in March" (mid March I believe she said). I plan to appeal your decision and need an extension of time. I located an appeals attorney but he needs to see the transcript of the hearing.

In response to Campbell's February 10 letter, on February 12, 2003, the trial court entered an order extending time to file the transcript which gave Campbell until March 31, 2003, to file the transcript.

On March 27, 2003, Campbell filed a motion for extension of time to file appeal which stated: "[t]he plaintiff was granted an extension of time (3-31-03) to file an appeal in order to secure a copy of the court transcript from a hearing dated January 28, 2003." The motion for extension of time requested an extension of time to prepare and file an appeal of the trial court's "order dated 2-11-03." On March 31, 2003, Campbell filed a notice of appeal, appealing the trial

---

[2] Campbell subsequently dismissed her complaint as to the other parties, leaving only McLarnon as a defendant.

court's January 28, 2003 order. Campbell's notice of appeal stated that the trial court "gave the plaintiff an extension until 3-31-03 to appeal because the court transcript was not completed." By order entered April 3, 2003, the trial court dismissed Campbell's motion for extension of time to file appeal as moot because Campbell had filed her notice of appeal on March 31, 2003.

On April 10, 2003, McLarnon filed a motion to dismiss plaintiff's notice of appeal, arguing that Campbell's notice of appeal was untimely. On April 28, 2003, Campbell filed an opposition to McLarnon's motion to dismiss her appeal. The April 28, 2003 opposition brief marks the first appearance in this action of an attorney for Campbell. By order entered April 30, 2003, the trial court granted McLarnon's motion to dismiss Campbell's notice of appeal, holding that Campbell's notice of appeal was untimely. On May 30, 2003, Campbell filed a notice of appeal, appealing the trial court's April 30, 2003 order.

1. Campbell contends that the trial court erred in entering its February 12, 2003 order because "its sole effect was to mislead a pro se litigant." The trial court's February 12 order is titled "Order Extending Time to File Transcript." In pertinent part, that order "GRANTS plaintiff's request for extension of time to file transcript and hereby orders that said transcript shall be filed on or before March 31, 2003." The February 12 order does not mention any extension of time for Campbell to file her appeal. In fact, the words "notice" and "appeal" do not appear in the February 12 order.

Although it is clear from the statements contained in her motion for extension of time to file appeal and in her notice of appeal that Campbell misinterpreted the February 12 order, the order was clear on its face. The trial court could not know that Campbell would misinterpret its order, and Campbell did nothing to seek clarification or correction of the February 12 order. See *First Nat. Bank of Polk County v. Carr*[3] (equity will not relieve a party from the effect of a mistake if the party could have ascertained the truth by reasonable diligence); *Automated Med. Svcs. v. Holland*[4] (in order to successfully attack a judgment on the grounds of mistake, a party must show that the mistake was not due to any negligence or fault of its own). The trial court did not err in granting Campbell the extension of time she requested to file the transcript. There is no evidence in the record that shows that the trial court intentionally misled Campbell. This enumeration of error is without merit.

---

[3] *First Nat. Bank of Polk County v. Carr*, 260 Ga. App. 439, 441 (2) (579 SE2d 863) (2003).

[4] *Automated Med. Svcs. v. Holland*, 166 Ga. App. 57, 58 (1) (303 SE2d 127) (1983).

2. Campbell also contends that the trial court erred by not exercising its discretion to read her February 10 letter as a request for an extension of time in which to file her notice of appeal. Although Campbell stated in her February 10 letter that "I plan to appeal your decision and need an extension of time," the context of this statement makes it clear that she is requesting an extension of time to file the transcript and not an extension of time to file her notice of appeal. The entire February 10 letter details Campbell's efforts to obtain the transcript and the statement that she had "located an appeals attorney[5] but he needs to see the transcript of the hearing." The February 10 letter does not contain a request for an extension of time in which to file an appeal.

While it is true that "[p]ro se pleadings are held to less stringent standards than pleadings that are drafted by lawyers," *Thompson v. Long*,[6] "[i]t is not the trial court's responsibility to make out a pro se party's case," *Howell v. Styles*,[7] "or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Florida*.[8] Nothing prevented Campbell from filing a timely notice of appeal and obtaining an extension of time in which to file the transcript thereafter. The trial court did not err by failing to read Campbell's February 10 letter as a request for an extension of time in which to file her notice of appeal.

3. Campbell also contends that the trial court erred by granting McLarnon's motion to dismiss her notice of appeal. We do not agree.

"One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law." (Punctuation omitted.) *Quinn v. State*.[9] "In a civil case, the court cannot put a pro se litigant on a different standard from one represented by counsel." (Punctuation omitted.) *Waits v. Gil*.[10] "Even pro se appellants must abide by appellate practice rules." *Moss v. Rutzke*.[11]

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of." OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." (Punctu-

---

[5] Apparently the "appeals attorney" referred to in the February 10, 2003 letter is not the attorney who represented Campbell for McLarnon's motion to dismiss her notice of appeal and in this appeal.

[6] *Thompson v. Long*, 201 Ga. App. 480, 481 (1) (411 SE2d 322) (1991).

[7] *Howell v. Styles*, 221 Ga. App. 781, 783 (2) (472 SE2d 548) (1996).

[8] *GJR Investments v. County of Escambia, Florida*, 132 F3d 1359, 1369 (11th Cir. 1998).

[9] *Quinn v. State*, 253 Ga. App. 570, 573 (2) (560 SE2d 58) (2002).

[10] *Waits v. Gil*, 232 Ga. App. 186, 187 (501 SE2d 303) (1998).

[11] *Moss v. Rutzke*, 223 Ga. App. 58, 59 (1) (476 SE2d 770) (1996).

ation omitted.) *Couch v. United Paperworkers Intl. Union.*[12] "[A] trial court is authorized to dismiss a notice of appeal on the ground that the same is not timely filed." Id. Because Campbell did not file her notice of appeal of the trial court's January 28, 2003 order within 30 days after its entry or obtain an extension of time in which to file her notice of appeal, the trial court did not err in granting McLarnon's motion to dismiss her notice of appeal.

4. McLarnon's motion for sanctions for frivolous appeal is denied.
*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 15, 2003 —
RECONSIDERATION DENIED JANUARY 8, 2004 ▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*Christopher J. McFadden,* for appellant.
*Owen, Gleaton, Egan, Jones & Sweeney, Roger E. Harris, Gretchen M. Holt,* for appellee.

