A07A0853. SIMON v. CITY OF ATLANTA et al.

(650 SE2d 783)

BARNES, Chief Judge.

Steven Simon sued the City of Atlanta and others concerning his arrest and detention in August 2001. The trial court dismissed the action as time-barred because it was not filed within the limitation period established in OCGA § 9-3-33. We find that Simon filed a proper ante litem notice, that he asserted this fact below, and that the statute of limitation did not run during the pendency of his claim before the City. We therefore reverse.

> A motion to dismiss for failure to state a claim should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Footnote omitted.) *McLain v. Mariner Health Care*, 279 Ga. App. 410, 411 (1) (631 SE2d 435) (2006).

So viewed, the record shows that on August 12, 2001, Simon was arrested for taking a gun from a city employee who had booted the limousine Simon was driving and throwing it on the ground. Simon told the arresting officer that he was a diabetic and needed medication. The officer refused to accept the medication from Simon's wife, placed Simon in a holding cell at Grady Hospital, and he remained there, with periodic beatings, for three days. In the medical ward, he was forcibly restrained while a catheter was inserted into his penis. Simon was then taken to the city jail, where the nurse denied his requests for insulin. After he was released from jail, Simon was transported to the St. Joseph's Hospital emergency room. The attending physician determined that had treatment been further delayed, Simon might have died.

On April 14, 2004, Simon filed suit against the City of Atlanta, a number of public officials, and others for torts including false arrest, false imprisonment, battery, and aggravated assault, resulting in damages including insulin shock, the amputation of a toe, and his wife's loss of consortium. In its answer, the City of Atlanta claimed that Simon's action was time-barred under OCGA § 9-3-33, which provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." Noting that "there appear[s] to be no opposition filed herein," the trial court granted the City's motion to dismiss on this ground.

1. Simon's pro se brief provides no citations to the record, and nearly all of his 15 asserted errors either reallege matter from his complaint or recite law without any application to the facts. See Court of Appeals Rule 25 (c) (2), (c) (3) (i) (asserted error must be supported by citation to authority and the record). "It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Citation, punctuation and footnote omitted.) *Magnolia Court Apts. v. City of Atlanta*, 249 Ga. App. 6, 8 (545 SE2d 643) (2001). Although Simon is proceeding pro se, that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this court. *Campbell v. McLarnon*, 265 Ga. App. 87, 90 (3) (593 SE2d 21) (2003).

In his sixth enumeration, however, Simon asserts that his action is not time-barred because he sent the City a timely ante litem notice on December 3, 2001. See OCGA § 36-33-5 (b) (ante litem notice must be given to municipal corporation within six months of incident giving rise to claim).

The City erroneously states that the ante litem notice of December 3, 2001, is not included in the record. In fact, Simon identified the notice as an exhibit to the brief filed with his complaint and attached it as such. Indeed, the City itself filed a copy of the ante litem notice with its motion for a protective order. Other parts of the same filing include the City's acknowledgment of Simon's claim in a letter of December 13, 2001, documents concerning settlement negotiations, the City Council's denial of the claim at its meeting of March 3, 2003, and the City's letter of March 17, 2003 notifying Simon of the adverse result. The record also shows that Simon filed a "Response to [the City]'s Motion for Default Judgment and Dismissal" on September 17, 2004, and that this response raised the matter of the ante litem notice, including the City's receipt of it.

The stated purpose of the letter of December 3, 2001, which was prepared by counsel, was to give "Ante Litem Notice of Claim/Written Demand pursuant to OCGA § 36-33-5" concerning Simon's "Injury and Claim of Police and Custodial Brutality and Loss of Consortium"

arising from the events of "August 12-18, 2001." The letter details the events at issue over three pages, and was clearly sufficient to alert the City of Simon's claim. See *Washington v. City of Columbus*, 136 Ga. App. 682, 691 (5) (a) (222 SE2d 583) (1975) (substantial compliance with OCGA § 36-33-5 is all that is required).

The City points out that Simon's complaint failed to allege compliance with the ante litem requirement. Cases long predating the passage of the Civil Practice Act in 1966 suggest that this flaw can be fatal. See, e.g., *Saunders v. City of Fitzgerald*, 113 Ga. 619, 620 (38 SE 978) (1901) (where petition failed to state that ante litem notice had been given, it "set out no cause of action"). More recent authority examines the record, however, to determine whether the municipality actually received sufficient notice. See *Brackett v. City of Atlanta*, 149 Ga. App. 147, 148 (253 SE2d 786) (1979) (reversing grant of motion to dismiss where "the record does not show on its face that the ante litem notice was given more than six months after the happening of the event upon which the claim is predicated"); *City of Rome v. Rigdon*, 192 Ga. 742, 748 (16 SE2d 902) (1941) (distinguishing *Saunders* on the ground that it did not rule on the adequacy of any actual notice, and noting that "[i]f the question of bar had been raised . . . , the court would no doubt have held that the statute of limitations was suspended, and that the action was not barred").

Having received adequate ante litem notice, the City cannot show here that it was prejudiced by the complaint's omission of an allegation of such notice. See *Washington*, supra, 136 Ga. App. at 691 (5) (a) (city was not prejudiced by an "improper designation" of an ante litem notice in the complaint). The 15 months during which Simon's claim was pending before the City (December 2001 through March 2003) must therefore be subtracted from the 32 months between the accrual of Simon's cause of action in August 2001 and the filing of his suit in April 2004. See OCGA § 36-33-5 (c), (d) (municipality shall act on claim within 30 days of its presentation, and statute of limitation is suspended during pendency of demand); *City of Rome*, supra, 192 Ga. at 747 (plaintiff may wait to file suit until municipality denies claim). Since the remaining period is seventeen months, or substantially less than two years, Simon's complaint is not time-barred under OCGA § 9-3-33. The trial court therefore erred when it granted the City's motion to dismiss.

2. The City also urges us to affirm the trial court's order on grounds raised but not ruled on below, including that none of the named defendants is subject to suit. We leave such matters for later proceedings. See, e.g., *Carter v. Glenn*, 249 Ga. App. 414, 415-417 (1)-(3) (548 SE2d 110) (2001) (affirming grant of summary judgment where city's purchase of liability insurance did not waive immunity, and where no question of fact remained concerning city officials'

actual malice in hiring and retaining a police officer who raped the plaintiff); compare *Murphy v. Bajjani*, 282 Ga. 197, 203-204 (4) (647 SE2d 54) (2007) (allegations of school officials' actual malice were properly disposed of on a motion to dismiss where alleged facts amounted to only deliberate wrongdoing with reckless disregard).

3. Simon's motion designated as a "Motion in Emergencies" in which he appears to request that this court expedite the rendering of a decision in his appeal is dismissed as moot.

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED AUGUST 7, 2007.

Steven D. Simon, *pro se.*
*Hall, Booth, Smith & Slover, Sean L. Gill, Linda K. DiSantis*, for appellees.