## A09A1540. JONES v. BROWN.
(683 SE2d 76)

JOHNSON, Presiding Judge.

The facts of this case are not in dispute. The lawsuit arises out of an automobile collision that occurred on October 1, 2005. On September 21, 2007, nine days before the expiration of the statute of limitation, Victor Brown, who has proceeded pro se at all stages of this litigation, filed this personal injury action against Jared Jones for injuries he allegedly received in the automobile collision. The action listed Jones' address as 5160 Mainstream Circle, Norcross, Georgia, which was the address on the accident report. Although Brown paid the required $78 filing fee, he did not pay the $25 sheriff's service fee. On October 1, 2007, the applicable two-year statute of limitation expired.[1]

No further activity occurred in the case until February 11, 2008, when Brown finally paid the $25 sheriff's service fee. On February 14, 2008, a sheriff's deputy attempted service on Jones, but Jones' father informed the deputy that Jones was away at college. The deputy entered a return of service form noting he was "unable to serve." On March 6, 2008, a sheriff returned to the address and served Jones by leaving a copy of the complaint with Jones' mother.

Jones filed his answer on April 4, 2008, raising the defenses of laches, improper service, improper process, expiration of the statute of limitation, and lack of jurisdiction. On November 12, 2008, Jones filed a motion to dismiss or, in the alternative, motion for summary judgment. Brown filed an untimely document in response on January 20, 2009.[2] The trial court denied Jones' motion without elaboration, but certified the order for immediate review. We granted Jones' request for an interlocutory review to determine whether the trial court erred in denying his motion to dismiss or, in the alternative, his motion for summary judgment. Because we find that the limitation period had expired and Brown has not satisfied his burden of showing that he exercised due diligence in perfecting service of process on Jones, we reverse the trial court's order.

On appeal of a denial of a motion to dismiss for insufficient service of process and the expiration of the statute of limitation, the

---

[1] OCGA § 9-3-33.

[2] Uniform Superior Court Rule 6.2.

trial court's ruling will be overturned only upon a showing of an abuse of discretion.[3] "Although this is a deferential standard of review, it is not toothless."[4] Here, the trial court abused its discretion.

When a complaint is filed within the applicable statute of limitation but service is perfected more than five days after the statute expires, the service relates back to the original filing only if the plaintiff shows "that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible."[5] The time period alone does not establish diligence. Rather, the plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements.[6] In the present case, the record is devoid of any evidence showing that Brown exercised any diligence whatsoever.

The record shows that the majority of the delay in service is attributable to the fact that when Brown filed the lawsuit, he failed to pay the sheriff's service fee. Not until February 11, 2008, or 133 days after the statute had run, did Brown pay the service fee. Moreover, it is undisputed that since the date of the accident, Jones' permanent residence has been 5160 Mainstream Circle, Norcross, Georgia. Although Jones was away at school, his parents reside at that address and could have received service on his behalf.[7] In fact, Jones' mother was served with the suit against Jones when the sheriff made a second visit to the residence nearly twenty days after the first attempt. There is no indication in the record that Jones attempted to conceal his whereabouts from Brown, and the record shows Jones did not evade service.

Brown has not filed an appellate brief in this case, but in his response to the motion to dismiss, Brown merely states that "immediately upon discovering that the clerk's office had not commenced service upon the defendant, plaintiff promptly took all steps necessary to perfect the service. . . ." But 133 days had passed from the time the statute of limitation ran until the day Brown paid the sheriff's service fee, and he fails to explain this delay.

The plaintiff bears the burden of showing his lack of fault for any

---

[3] *Long v. Bellamy*, 296 Ga. App. 263, 266-267 (1) (c) (674 SE2d 120) (2009); *Patel v. Sanders*, 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006).

[4] *State Farm &c. Ins. Co. v. Manders*, 292 Ga. App. 793, 794 (1) (665 SE2d 886) (2008) (reversing the denial of State Farm's motion to dismiss due to plaintiff's unexplained delay of eight months in accomplishing service).

[5] *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975); see also *Douglas v. Seidl*, 251 Ga. App. 147, 148 (553 SE2d 829) (2001).

[6] *Parker v. Silviano*, 284 Ga. App. 278, 279-280 (1) (643 SE2d 819) (2007).

[7] See OCGA § 9-11-4 (e) (7).

delay.[8] Here, Brown has failed to provide specific details about his diligence in attempting to serve Jones or his lack of fault for the delay. Brown's pro se status and alleged ignorance of the sheriff's service fee requirement do not excuse him.[9] "One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law[, and] the court cannot put a pro se litigant on a different standard from one represented by counsel."[10]

In light of the dearth of evidence of due diligence, we are constrained to find that the trial court abused its discretion in denying Jones' motion to dismiss in this case. "While we recognize the severity of this result with respect to [Brown's] purported cause of action, due process requires that we enforce a plaintiff's obligation to diligently pursue service to ensure fairness to all parties involved in a lawsuit."[11]

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED JULY 27, 2009.

*Jean F. Johnson*, for appellant.
*Victor L. Brown*, *pro se*.

---

[8] *Scott v. Taylor*, 234 Ga. App. 543, 544 (507 SE2d 798) (1998).

[9] *Waits v. Gil*, 232 Ga. App. 186, 187 (501 SE2d 303) (1998) (fact that pro se plaintiff was unaware she had to pay an additional $25 fee before the sheriff would serve the complaint was not an excuse for plaintiff's failure to exercise due diligence in perfecting service).

[10] (Citations and punctuation omitted.) *Campbell v. McLarnon*, 265 Ga. App. 87, 90 (3) (593 SE2d 21) (2004).

[11] *Duffy v. Lyles*, 281 Ga. App. 377, 380 (636 SE2d 91) (2006) (reversing a trial court's finding of sufficient service where there was a four-month period of inactivity in plaintiff's efforts to perfect service).