**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 7, 2013**

# In the Court of Appeals of Georgia

A12A1931. HOWARD v. GMAC MORTGAGE, LLC.

BRANCH, Judge.

In this dispossessory action, Matthew W. Howard appeals, pro se, from two separate orders entered below. The first of these orders granted the landowner, GMAC Mortgage, LLC, a writ of possession for the premises in question. The second order dismissed Howard's appeal of the writ of possession, based upon his failure to pay rent into the registry of court during the pendency of that appeal. For reasons explained below, we affirm the order of the trial court granting GMAC a writ of possession. Furthermore, because we decide Howard's original appeal on the merits, his appeal of the order dismissing his appeal of the writ of possession is moot.[1]

---

[1] Additionally, we dismiss as moot GMAC's motion to dismiss both of Howard's appeals.

The undisputed facts show that in June, 2010, GMAC filed a dispossessory warrant against Howard in Cherokee County State Court, asserting that he was a tenant at sufferance as a result of GMAC's purchase of the property at a May, 2010 foreclosure sale.[2] Howard filed an answer asserting as his defense that the foreclosure sale was wrongful and that he had wrongful foreclosure actions pending against GMAC and others in Cherokee County Superior Court, and that action was removed to the United States District Court for the Northern District of Georgia. Howard also asserted a counterclaim for intentional infliction of emotional distress, based on GMAC's decision to seek a writ of possession despite its knowledge of Howard's wrongful foreclosure lawsuits. The case was thereafter transferred to the Superior Court of Cherokee County.

GMAC moved for summary judgment on its claim for a writ of possession and on Howard's counterclaim. Following an evidentiary hearing, the trial court granted that motion and issued the writ of possession on December 8, 2010. Howard filed his notice of appeal as to that writ on December 13, and then sought to be relieved of

---

[2] See *Solomon v. Norwest Mtg. Corp.*, 245 Ga. App. 875, 876 (1) (538 SE2d 783) (2000) (where the former property owner "remains in possession of the premises after lawful foreclosure of the deed, she is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale") (punctuation and footnote omitted).

paying the costs of his appeal by applying to proceed in forma pauperis. The trial court denied Howard's application to proceed in forma pauperis on February 18, 2011, and Howard attempted to appeal that decision. His application for discretionary appeal, however, was denied by this Court. The court below also entered an order requiring Howard to pay rent into the registry of the court pending his appeal of the writ of possession. Howard filed an untimely notice of appeal as to that order, and the appeal was therefore dismissed for lack of jurisdiction.

After Howard failed for a number of months either to pay rent into the registry of court while his appeal of the writ of possession was pending, or to pay the costs necessary for the docketing of that appeal, GMAC moved to dismiss the appeal. Following the close of Howard's bankruptcy case, the trial court held a hearing on GMAC's motion, and thereafter issued an order dismissing Howard's original appeal and granting GMAC a second writ of possession. Howard then filed his notice of appeal from that order and apparently paid costs in the trial court, as the record in the case was transmitted to this Court. Both Howard's original appeal from the writ of possession and his appeal from the order dismissing that appeal were docketed together under the current case number. We now turn to the merits of those appeals.

3

1. We first address Howard's claim that the court below erred in granting the writ of possession. Howard argues that GMAC was not entitled to the writ because it had wrongfully foreclosed on his property. He further contends that the trial court erred in refusing to allow him to present evidence of wrongful foreclosure; in denying him a jury trial; in threatening him with contempt at the hearing on GMAC's motion for summary judgment; and in granting the writ without affording him, as a pro se litigant, additional time to address the cases and arguments presented by GMAC at the hearing. We find no merit in any of these claims.

(a) The trial court did not err in granting the writ of possession despite Howard's allegation that GMAC had wrongfully foreclosed on the property. It is well-established that the alleged invalidity of a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding. See *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 659 (2) (i) (580 SE2d 580) (2003).

> The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property *until and unless the sale is set aside*. It is not germane to a dispossessory proceeding to allege that a contract under which the plaintiff claims to derive title from the defendant is void and should be canceled. If the sale of the premises under the power of sale in the loan deed was void on account of its improper exercise, or because the loan was not mature, this [can] not be

4

set up as a defense to a dispossessory proceeding under . . . OCGA §§ 44-7-50 [and] 44-7-53.

(Punctuation omitted; emphasis supplied.) *Bellamy v. FDIC*, 236 Ga. App. 747, 749 (a) (512 SE2d 671) (1999). See also *Solomon*, supra, 245 Ga. App. at 876 (1) ("after foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed") (punctuation and footnote omitted); *Hague v. Kennedy*, 205 Ga. App. 586, 588 (423 SE2d 283) (1992) ("[c]laimed defects in the landlord's title to premises cannot be raised as a defense" in a dispossessory proceeding) (citations and punctuation omitted). Thus, while Howard was free to – and did – challenge the foreclosure and GMAC's title to the property by way of his separate lawsuit that was removed to federal court,[3] he could not use the allegation of wrongful foreclosure as a defense to the dispossessory proceeding. *Sanders v. Daniel*, 302 Ga. App. 350, 351 (1) (691 SE2d 244) (2010).

---

[3] On September 12, 2011, the United States District Court granted summary judgment against Howard and in favor of the named defendants, including GMAC, on all of Howard's claims, including his claim for wrongful foreclosure. See *Howard v. Mortgage Electronic Registration Systems, Inc., et al.*, 2012 WL 3582586 (N. D. Ga., August 17, 2012) (denying Howard's motion for reconsideration of the summary judgment order).

(b) Howard also asserts that the court below erred in refusing to allow him to present evidence to support his defense of wrongful foreclosure. This argument, however, ignores the fact that wrongful foreclosure is not a defense to a dispossessory proceeding. Accordingly, the trial court properly refused to allow Howard to present evidence of GMAC's alleged wrongful foreclosure.[4] See *Reliance Trust Co. v. Candler*, 315 Ga. App. 495, 501 (3) (726 SE2d 636) (2012) ("Although Georgia law favors the admission of relevant evidence, evidence that does not bear directly or indirectly on the questions [before the court] should be excluded as irrelevant.")

(c) Howard further contends that the court erred in denying him a jury trial. We disagree. While the right to a jury trial exists in dispossessory actions, "[t]he existence of the right does not demand that a jury trial be held in all cases, including those where no issues remain for jury determination." *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (3) (464 SE2d 219) (1995). Here, the only potential jury issues that Howard raised related to his claim that GMAC wrongfully foreclosed on the property. Given that this claim could not serve as a defense in a dispossessory proceeding, however, the trial

---

[4] Howard's motion to supplement the record on appeal with documents relating to his defense of wrongful foreclosure, but which were not made a part of the record below, is hereby denied. See *Dunwoody-Woodlands Condominium Assoc. v. Hedquist*, 199 Ga. App. 91, (1) (403 SE2d 893) (1991).

court did not err in refusing Howard a jury trial on this issue. Id. See also *Allen v. Tucker Federal Bank*, 236 Ga. App. 245, 246 (2) (510 SE2d 546) (1998) (where defendants in a dispossessory proceeding asserted counterclaims that "lack[ed] merit as a matter of law, the trial court properly denied their motions for a jury trial").

(d) Howard argues that during the evidentiary hearing that resulted in the writ of possession, the court violated his constitutional rights by threatening him with contempt if he continued the defense of his case. This assertion, however, misrepresents what transpired at the hearing. The transcript shows that the court threatened to hold Howard in contempt only after he repeatedly interrupted the court. After several interruptions, the judge told Howard:

> When I'm speaking you need to stop talking. If you want us to continue – I'm conducting this hearing as fairly as I know how to do. I can't tell you what to do, but I can tell you that when the Court is speaking you don't need to interrupt me, and if you continue to do it we're going to discontinue the hearing and I'm going to hold you in contempt.

Under these circumstances, we find nothing improper in the trial court's admonition of Howard. See OCGA § 15-1-3 (1) (every court has the power "[t]o preserve and enforce order in its immediate presence and, as near thereto as is necessary, to prevent interruption, disturbance, or hindrance to its proceedings"); *In*

7

*re Herring*, 268 Ga. App. 390-391 (2) (601 SE2d 839) (2004) ("[c]ontempt of court, in its broad sense, means disregard for or disobedience of the order or command of the court; this also includes the interruption of court proceedings") (footnote omitted).

(e) At the evidentiary hearing on the writ of possession, GMAC's lawyer cited several cases to support his argument that wrongful foreclosure is not a defense in a dispossessory action and that, unless and until the foreclosure is put aside, the title holder is entitled to possession of the property. When asked if he had any authority to the contrary, Howard responded, "That argument was not stated in any of the filings. So I was not prepared to make a counter to that argument." The court then proceeded to hear the evidence and, at the end of the hearing, stated that it was going to grant the writ of possession. On appeal, Howard contends that because he is a pro se litigant, the trial court should have given him additional time to respond to GMAC's legal arguments before granting the writ of possession. We disagree.

Georgia law makes clear that a litigant's pro se status does not entitle him to any deferential treatment. It is true that, as Howard points out, pro se litigants are held to less stringent standards than attorneys with respect to their pleadings. *Campbell v. McLarnon*, 265 Ga. App. 87, 90 (2) (593 SE2d 21) (2003). Other than this exception for pleadings, however, a court cannot apply different standards to a pro se civil

8

litigant and one represented by counsel. Id. See also *Long v. Marion*, 257 Ga. 431, 434 (2) (360 SE2d 255) (1987) (finding that pro se litigant had waived his defense of insufficient service where, even though he raised it in his answer, he failed to request that the defense be included in the pretrial order). Accordingly, Howard's pro se status did not obligate the trial court to grant him additional time to respond to arguments made by GMAC's lawyer at the evidentiary hearing.

2. Given that we have addressed the merits of Howard's appeal of the writ of possession, his appeal of the trial court's order dismissing his appeal of the writ is hereby dismissed as moot. See *Owens v. Green Tree Servicing*, 300 Ga. App. 22, 25 (3) (684 SE2d 99) (2009).

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*