# Court of Appeals
# of the State of Georgia

ATLANTA,___July 09, 2014_____

*The Court of Appeals hereby passes the following order:*

## A14D0413.  JACQUELYN CUMBERLANDER v. WELLS FARGO BANK, N. A.

This case began as a dispossessory proceeding in magistrate court. After an adverse ruling, defendant Jacquelyn Cumberlander appealed the magistrate court's decision to the superior court. The superior court dismissed Cumberlander's appeal, and she now seeks review of that decision.[1]

We lack jurisdiction to review the superior court's order because Cumberlander's application is untimely. Although an application for discretionary appeal generally may be filed within 30 days of entry of the order sought to be appealed, the underlying subject matter of an appeal controls over the relief sought when determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter of this case is a dispossessory proceeding. And, pursuant to OCGA § 44-7-56, an appeal in such a case must be filed within seven days of entry of the judgment.[2] See *Ray M. Wright,*

---

[1] Cumberlander filed a notice of appeal to the Supreme Court, followed by a "Brief of Appellant," which the Supreme Court docketed as an application for discretionary review. After determining that the case does not invoke its jurisdiction, the Supreme Court transferred the matter here.

[2] Cumberlander contends that the superior court told her she had 30 days to appeal its decision. Even if this could excuse her non-compliance with the filing deadline, Cumberlander's application would still fail on its merits because she has not raised a persuasive challenge to the superior court's decision. She argues, essentially, that Wells Fargo was not entitled to a writ of possession because the underlying

*Inc. v. Jones*, 239 Ga. App. 521 (521 SE2d 456) (1999). Here, the superior court's order was entered on April 10, 2014, and Cumberlander filed her application 32 days later, on May 12, 2014.

Because we lack jurisdiction to review this untimely application, it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/09/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*

, *Clerk.*

---

foreclosure was wrongful. This is not a valid defense to a dispossessory proceeding. See *Howard v. GMAC Mortgage, LLC*, 321 Ga. App. 285 (1) (739 SE2d 453) (2013) ("It is well established that the alleged invalidity of a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding.") (Citation omitted).