# Court of Appeals
# of the State of Georgia

ATLANTA,⎯⎯June 09, 2016⎯⎯⎯⎯⎯

*The Court of Appeals hereby passes the following order:*

**A16D0378. CHRISTINE T. STONE v. THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK AS TRUSTEE et al.**

Christine T. Stone seeks discretionary review of the trial court's order correcting a scrivener's error in a dispossessory case. For reasons that follow, we find the appeal to be moot.

This case already has a lengthy history. It began after Stone defaulted on her mortgage. Following foreclosure proceedings, the Bank of New York Mellon ("the Bank") instituted a dispossessory action. The trial court granted the Bank's motion for summary judgment, and Stone appealed. In an unpublished opinion, we affirmed. See *Stone v. Bank of New York Mellon*, Case Number A11A0314, decided March 8, 2011.

Following remittitur, the trial court issued a writ of possession, and Stone filed an application for discretionary appeal. We dismissed the application as moot. See *Stone v. Bank of New York Mellon*, Case Number A15D0502, decided July 29, 2015. Stone filed a discretionary application from the same order in the Supreme Court. The Supreme Court transferred the application to this Court, which once again dismissed it as moot. See *Stone v. Bank of New York Mellon*, Case Number A16D0004, decided Sept. 15, 2015. We also found that the application was frivolous and cautioned Stone that she could be sanctioned for filing similar actions in the future.

For unknown reasons, the trial court issued yet another writ of possession in March 2016. On March 10, 2016, the trial court entered an order amending the dispossessory order to correct a scrivener's error in the style of the case. In the amended order, the trial court made a second scrivener's error by labeling the case a

criminal action, although the action had the same civil case number. Stone filed an application for discretionary appeal in the Supreme Court, which transferred the matter to this Court.

As we have already explained to Stone in our prior dismissal orders, the questions presented on appeal have become moot.[1] Her application is thus subject to dismissal. See OCGA § 5-6-48 (b) (3). Our affirmance of the trial court's order granting summary judgment in the dispossessory case served as a final adjudication of the dispute between the parties. See *Howard v. GMAC Mortg.*, 321 Ga. App. 285, 289 (2) (739 SE2d 453) (2013) (where this Court has addressed the merits in a dispossessory action, subsequent appeal is moot). Under these circumstances, the trial court was not required to issue a subsequent writ of possession, and Stone may not use the newly issued order to collaterally attack the underlying dispossessory ruling.

According to Stone, we should grant her application to address the trial court's labeling of the order as a criminal action. This label was clearly a scrivener's error. And the fact that the order contains a scrivener's error does not permit Stone to mount a collateral attack against the underlying dispossessory ruling, which she attempts to do in her application. See *Kabiri v. Aronov*, 216 Ga. App. 145 (453 SE2d 143) (1995) (nunc pro tunc to correct scrivener's error did not serve as basis for second direct appeal).

Because this appeal is moot, it is hereby DISMISSED. See OCGA § 5-6-48 (b) (3). At this juncture, we will exercise our discretion and decline to fine Stone for filing another frivolous action. But we reiterate our warning that further frivolous filings may subject her to sanctions.

---

[1] An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination. *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  06/09/2016
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*