**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 22, 2018**

# In the Court of Appeals of Georgia

A18A1476. BAZAN v. BAZAN.

ELLINGTON, Presiding Judge.

Rosa Ramos (formerly Rosa Bazan) filed this action against Leonzo Bazan in the Superior Court of Whitfield County seeking to modify the child custody and child support provisions of the parties' divorce decree. Following a hearing, the trial court granted Ramos legal and physical custody of the parties' two minor children and directed that Bazan have supervised visitation. The trial court denied Bazan's motion for a new trial, and Bazan appeals, contending that the trial court denied him the opportunity to introduce evidence and present a defense to Ramos's petition thereby denying him due process. For the reasons explained below, we affirm.

The record shows the following facts, which are undisputed unless otherwise noted. The parties divorced in April 2010. The divorce decree provided that the

parties have joint legal and physical custody of their daughters, then aged five and four years old. The decree provided that Bazan had primary physical custody and Ramos would have the children at all times when Bazan was at work, as well as other specified visitation. Neither party was ordered to pay child support to the other.

Ramos filed a petition for modification of these provisions in July 2011. In February 2014, the court sent the parties notice of a "Special Set Final Hearing" to be held May 19, 2014. Bazan was represented by attorney Katherine O'Gwin. Ramos and the children's therapist testified. The trial court adjourned the hearing before Ramos rested and announced that the hearing would be completed at a later date. The evidence being incomplete, the trial court did not enter a final order, but entered a temporary order in September 2014 giving Ramos primary physical custody of the children and providing for visitation and child support.

After the May 2014 hearing, Bazan hired Raymond Bates to represent him. The court again gave the parties notices of a "Special Set Final Hearing," which was first scheduled for February 19, 2015, rescheduled multiple times, and finally convened on November 11, 2015. Again, court was adjourned before Ramos rested.

The court last heard evidence on September 9, 2016, by which time Bazan was no longer represented by counsel.[1] At the September 2016 hearing, Ramos's counsel cross-examined Bazan and then called the children's therapist on direct; Bazan cross-examined the therapist. The trial court offered Bazan the opportunity to testify on his own behalf. Bazan addressed the court under oath, concluding, "that's all I have, Your Honor." After further cross-examination by Ramos's counsel, the trial court asked Bazan, "did you have any other witnesses you wish to call?" Bazan answered, "no," and the court moved on to the issue of Ramos's request for attorney fees.

After Ramos's counsel presented evidence and argument on the issue of attorney fees, the court asked Bazan if he wanted to ask any questions about the fees requested and, receiving no direct answer, asked whether the parties wanted to make any closing argument. Bazan responded that he wanted to call Ramos to the stand. The court replied, "I believe the evidence is closed. You told me you didn't have any more witnesses." Bazan stated that he had misunderstood the question and reiterated his desire to cross-examine Ramos. The court refused to hear any more evidence. The

---

[1] In a pleading filed May 27, 2016, Bazan consented to Raymond Bates's motion to withdraw as Bazan's counsel, and the trial court granted the motion to withdraw. Ramos's counsel then served notice of the final hearing set for September 9, 2016, upon Bazan personally.

court announced its decision from the bench and, in November 2016, issued its final judgment giving Ramos legal and physical custody of the children, providing for supervised visitation and child support, and awarding Ramos attorney fees.

In related claims of error, Bazan challenges the modification order, arguing that the trial court denied him the opportunity to present evidence in opposition to Ramos's petition to modify custody. Bazan does not contend that the trial court erred in excluding any evidence he offered. Rather he argues that he was never afforded an opportunity to tender his witnesses and other evidence. Bazan contends that the trial court failed "to accommodate his pro se status."

With regard to the May 2014 and November 2015 hearings, Bazan contends that the trial court improperly "closed" those hearings without giving him an opportunity to present evidence although his counsel at the time was prepared to do so. As detailed above, however, in both instances, court was adjourned before the petitioner, Ramos, had rested. Nothing in the record shows that the trial court limited the scope of Bazan's attorneys' cross-examination of Ramos or any other witness. Because Ramos had not completed her case-in-chief, the trial court was not required to give Bazan an opportunity to do more than cross examine Ramos's witnesses and confront them with evidence relevant to their testimony. We discern no impropriety.

4

With regard to the September 2016 hearing, during which Ramos rested, the record supports Bazan's assertion that he failed to understand that, if he answered "no" when the trial court asked whether he had any other witnesses he wished to call, the trial court would declare the evidence closed and he would lose the ability to call witnesses and tender evidence. And the record shows that, when Bazan realized his mistake, he promptly asked the court to allow him to present additional evidence. It was within the court's discretion to reopen the evidence and allow Bazan to cross examine Ramos, as he requested, or to introduce other evidence.[2] *Holder v. J. F. Kearley, Inc.*, 153 Ga. App. 843, 845 (5) (267 SE2d 266) (1980) (Under Georgia law, whether to reopen the evidence after both parties have rested is a matter committed to the trial court's discretion.). As we have explained, a trial court should exercise its discretion to re-open the evidence after the parties have rested, "if and when it

[2] At the hearing on Bazan's motion for a new trial, he testified that, in declaring the evidence closed, the trial court prevented him from offering evidence to rebut Ramos's case-in-chief. Specifically, Bazan testified that he wanted to present the following: six months of call logs from his cell phone account, to rebut the charge that he had been harassing Ramos by calling frequently; photographs of Ramos being around Bazan at school activities and holidays, to rebut the charge that Ramos thought Bazan was "a dangerous person;" a screen shot of a communication with a certain doctor's office, to show that his possession of a photograph of one of his daughter's genitals was for the innocent purpose of making sure that his child had not been "touched;" and proof that he had submitted to a court-ordered drug test and was "clean."

5

appears to [the court] that it would be a manifest injustice to refuse it." *Maloy v. Dixon*, 127 Ga. App. 151, 162 (4) (193 SE2d 19) (1972).

The record supports Bazan's argument that the trial court failed to accommodate his pro se status by reopening the evidence after Bazan stated that he did not intend to rest when the trial court asked about other witnesses. But this was not improper.

> Georgia law makes clear that a litigant's pro se status does not entitle him to any deferential treatment. It is true that . . . pro se litigants are held to less stringent standards than attorneys with respect to their pleadings. Other than this exception for pleadings, however, a court cannot apply different standards to a pro se civil litigant and one represented by counsel.

*Howard v. GMAC Mortgage*, 321 Ga. App. 285, 289 (1) (739 SE2d 453) (2013). "One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law." (Citation and punctuation omitted.) *Campbell v. McLarnon*, 265 Ga. App. 87, 90 (3) (593 SE2d 21) (2003). See also *Higdon v. Higdon*, 321 Ga. App. 260 (739 SE2d 498) (2013) (A litigant's pro se status did not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including court rules.); *Turner*

*v. Mize*, 280 Ga. App. 256, 259 (1) (633 SE2d 641) (2006) (A civil defendant's pro se status and ignorance of the consequences of the failure to timely respond to the plaintiff's requests for admissions provided no basis for relief from such consequences because a trial court cannot hold a pro se litigant to a different standard in complying with procedural rules than a litigant represented by counsel.). Although the trial court could have been more lenient under the circumstances, we cannot say the trial court manifestly abused its discretion in refusing to reopen the evidence or grant a new trial. *Howard v. GMAC Mortgage*, 321 Ga. App. at 289 (1); *Higdon v. Higdon*, 321 Ga. App. at 260; see *Bruner v. Bruner*, 240 Ga. 159 (1) (240 SE2d 48) (1977) (A trial court's decision to deny a party permission to reopen the evidence will not be reversed by an appellate court "absent a manifest abuse of discretion."); *Maloy v. Dixon*, 127 Ga. App. at 162 (4) (It was for the plaintiff and his counsel to decide when to close his case, and whether to close it before calling the opposite party for cross-examination. Having made the decision to rest and having announced it to the court, the plaintiff was bound by it and could be released from it only in the judge's discretion.).

*Judgment affirmed. Bethel and Gobeil, JJ., concur.*